**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name _Bloodsaw Theopric K._

    (Last)        (First)        (Initial)

Prisoner Number _N/A_

Institutional Address _PBSP, BZ-113, P.O. Box 7500,_
_Crescent City, CA. 95532_

FILED
AUG 2 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

==========================================================

JF

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

_BloodsAW Theopric_ _et al._
(Enter the full name of plaintiff in this action.)

    vs.

_Baron M.D._
_Vanderhoofven J._
_Tupy R._
(Enter the full name of the defendant(s) in this action)

CV 08 4121 (PR)

Case No. _____
(To be provided by the clerk of court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    <u>Exhaustion of Administrative Remedies</u>

    [**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement _PBSP_

    B.    Is there a grievance procedure in this institution?

        YES (✓)    NO ( )

    C.    Did you present the facts in your complaint for review through the grievance procedure?

        YES (✓)    NO ( )

    D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT        - 1 -

008-404 JF

1    1. Informal appeal *Three emergency appeals*
2    *to the Directors Level all three*
3    *were denied a appeals number by*
4    2. First formal level *the Appeals Coordinator for*
5    *malice reasons. Supreme Court Rep-*
6    *orts 88 LAW. ED. Oct. 1943 TERM U.S.*
7    3. Second formal level *320 (pp. 219 to end) U.S. 321-322*
8    *III Particular circumstance under*
9    *which exhaustion of state remedies*
10    4. Third formal level *is or is not necessary.*
11
12
13    E.    Is the last level to which you appealed the highest level of appeal available to
14        you?
15          YES (✓)    NO ( )
16    F.    If you did not present your claim for review through the grievance procedure,
17 explain why._____
18 _____
19 _____
20 II.    Parties.
21    A.    Write your name and your present address. Do the same for additional plaintiffs,
22        if any.
23 *BloodsAW Theopric, PBSP, B8-113, P.O.Box*
24 *7500, Crescent City, CA. 95532*
25
26    B.    Write the full name of each defendant, his or her official position, and his or her
27        place of employment.
28 *Baron M.D., Correctional Officer, PBSP;*

COMPLAINT             - 2 -

1 Vanderhoofven J., Correctional Officer, PB
2 SP; Tupy R., Lieutenant, PBSP.

3

4

5 III.     Statement of Claim.

6          State here as briefly as possible the facts of your case.  Be sure to describe how each

7 defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8 cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9 separate numbered paragraph.

10 M.D. Baren 2-25-08 Seditious an private con-
11 spiracy to deprive Const. rights (ADA) single
12 cell housing liberty, due process of law, ma-
13 de racial slurs, breach of duty, entrapment, force
14 d ASU under color of law. J. Vanderhoofven 2-19-
15 08 Seditious an private conspiracy to deprive Const.
16 rights (ADA) single cell housing liberty, due proces-
17 s of law, warrantless search, breach of duty, entr-
18 apment, forced ASU under color of law. Tupy R. 12-
19 19-07 Seditious an private conspiracy to deprive co-
20 nst. rights (ADA) single cell housing liberty, due proce-
21 ss of law, breach of duty, entrapment, forced ASU
22 under color of law. Sedition.

23 IV.     Relief.

24          Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25 what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26 I am asking the court for just compensation for
27 punitive, monetary, liability and slander da-
28 mages. I am asking the court for a permanent

1   injunction and grant me single cell housing
2   that Im legally an medically (ADA) entitle
3   to

5   I declare under penalty of perjury that the foregoing is true and correct.

7   Signed this   7   day of   August   , 20 08

9                            T. Bloodsaw

                              (Plaintiff's signature)

COMPLAINT                    - 4 -

5

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of *PBSP* in the county of *Del Norte*, California. I am over the age of 18 years. My residence address is: *P.O. Box 7500, Crescent City, CA. 95532*
On *8-7-08*, I served the attached *Civil Rights 42 U.S.C. 1983* on the *U.S. Dist. Court* in said case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at *PBSP*
addressed as follows: *U.S. District Court, Northern Dist. of CA., 450 G-olden Gate Ave., San Francisco, CA. 94102*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on *8-7-08* [date], at *Crescent City*, California.

*Bloodsaw Theopric*
[Type or Print Name]

*T. Bloodsaw*
[Signature]

II.

Petitioner denies the allegations contained in paragraph II of the return.

III.

Petitioner admits the allegations contained in paragraphs III, IV, and V of the return.

[Add any further allegations which are appropriate and not already included in the petition.]

Petitioner realleges and incorporates by reference herein all the allegations and contentions set forth in the petition.

WHEREFORE, petitioner requests that the relief prayed for in the petition be granted. DATED:

Respectfully submitted,

[Signature]

[Type your name here]

[Attach a Memorandum of Points and Authorities to the Denial and Exception to the Return. This Memorandum should address the legal arguments made by the Attorney General or District Attorney. For a model format, please refer to the sample Memorandum of Points and Authorities included in Form B. Mail a copy of the denial to the court and a copy to the Attorney General or District Attorney who filed the Return. Attach a proof of service form.]

2

6

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 9, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0729993    PBSP-08-00715    STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal is incomplete, please include the following supporting documentation:

* Second Level of Review Decision Letter

N. GRANNIS, Chief
Inmate Appeals Branch

---

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

7

C/O M.D.
BARON

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region  PBSP  Log No. S08-00715  Category 7/1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

B8-113

NAME Bloodsaw Theopric  NUMBER P20045  ASSIGNMENT  UNIT/ROOM NUMBER ASU-E1

A. Describe Problem: Baron M.D., C/O I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. CDC No. P20045 is a fraudulent CDC No. on 11-8-02 I was unlawfully arrested as a parole violator Penal Code 5011. a parole warrant is P.C. 3056. Their is not a felony complaint P.C. 872. order holding defendant to answer endorsed against me on three counts.

If you need more space, attach one additional sheet.

I am confined at PBSP and ASU unlawfully on my arrival at PBSP 2-24-04 the warden did not have legal jurisdiction or authority to accept me as a prisoner. In the month of Feb. 25-2008 you decided to participate

Inmate/Parolee Signature: T. Bloodsaw  Date Submitted: 2-25-08

C. INFORMAL LEVEL (Date Received: )

Staff Response: Bypass - informal review not required

Staff Signature:  Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*me in a demanding tone of voice if I wanted to see the doctor I ask you what doctor you refuse to answer and disappeared. My last sick-call form is dated 1-15-08 for my thoracic spine. I'm legally and medically entitle to single **

Signature: T. Bloodsaw  Date Submitted: 2-25-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim  CDC Appeal Number: CONT ON PG 2/2

FEB 25 2008  MAR 14 2008
TO CDW  1ST AW-6P  2ND APPEALS

PAGE 1/2

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other 3-14-08

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____   Due Date: 4-25-08

Interviewed by: _____

Mailed _____ 3/4/08

Staff Signature: P. Nauro   Title: LT   Date Completed: 3/21/08

Division Head Approved: _____   Title: Aw   Returned Date to Inmate: 4-15-08

Signature: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

My appeal was denied by R. Bell, F.C. and P.T. Smith, A.W. for malice reasons my legal documents that was attached to my CDC 602 were missing when it was returned to me. 80 S. Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960)

Signature: T. Bloodsaw   Date Submitted: 4-23-08

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other 4-24-08

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: 5-22-08

☒ See Attached Letter

Signature: _____   Date Completed: 5/6/08

Warden/Superintendent Signature: _____ WARDEN (A)   Date Returned to Inmate: MAY 1 2 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Constitutional Law. Baron M.D., C/O did not state at first or second level review she did not make racial slurs I request disclosure. 679 F. 2d 1115 Ruiz v. Estelle (1982) 222 F. 2d 531 U.S. v. Lebron (1955) 72 S. Ct. 205, 342 U.S. 165 Rochin v. Calif. (1952) 60 S. Ct. 811, 310 U.S. 150 U.S. v. Socony Vacuum Oil Co. (1940)

Signature: T. Bloodsaw   Date Submitted: 5-13-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)



0729993

P20045

STATE OF CALIFORNIA

*Emergency Appeal*

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

**PBS**

1. _____
2. _____

Log No. _____

**Attachment**

Category

1. _____
2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| *Bloodsaw Theopric* | *P20045* | | *ASU-E1* |

A. Describe Problem: *with the corrupt ASU staff and retaliate because Im innocent. You have shown your personal hate and hostility towards me as a black person other than it being done on your own behalf you do it as a favor for the hispanic inmates. As a female C/O you have no right to make racial slurs and harass me you came to my cell and called me the big nose nigger thats always looking in the mirrow at his big nose their is no mirrow in these cells. Then you ask*

If you need more space, attach one additional sheet.

*CONT ON PAGE/L
D SELTION*

B. Action Requested: *Jurisdiction Requirements.*

*CV-00752-JF-~~###~~ 550*

Inmate/Parolee Signature: *T. Bloodsaw*      Date Submitted: *2-25-08*

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: *Bypass - informal review not ~~re~~ required*

RECEIVED
APPEALS BRANCH
MAY 22 2008

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

* *cell housing. 3000. Definitions. 3013. Unlawful Influence. 3-084.7. Exceptions to the Regular Appeals Process. 3160. Inmate Access to Courts. 3273. Acceptance and Surrender of Custody. 3413. Incompatible Activity. 3901.17.1. Authority to Place Parole Hold.*

Signature: *T. Bloodsaw*      Date Submitted: *2-25-08*

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

rst Level     ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

terviewed by: _____

_____

_____

_____

_____

_____

_____

taff Signature: _____    Title: _____    Date Completed: _____
                                                                Returned
ivision Head Approved:
ignature: _____    Title: _____    Date to Inmate: _____

if dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of
   receipt of response.

*26 S.Ct. 282, 200 U.S. 321 United States v. Detroit Timber + Lumber Co. (1906) 337 7.1. Inmate Custody Designations. 352 F.3d 565 Tsombanidis v. West Haven Fire Dept. (2003) 96 S.ct. 1848, 425 U.S. 738 Hosp. Bldg. Co. v. Trustees of Rex Hospital (1976)*

Signature: ___ T. Bloodsaw ___    Date Submitted: 4-23-08

Second Level     ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: **MAY 1 2 2008**

H. if dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of
   response.

*Their is a conspiracy by each of the staff members. 234 Cal. Rptr. 744, 189 Cal. App. 3d 1163 People v. Varon (1987) 321 F. Supp. 1074 U.S. v. Sinclair (1971) 93 S.Ct. 1827, 411 U.S. 475 Preiser v. Rodriguez (1973) 564 F. 2d 126 Resident Advisory Bd. v. Rizzo (1977) 453 F. 2d 12 Inmates of Attica Correctional Facility v. Rockefeller (1971)*

Signature: ___ T. Bloodsaw ___    Date Submitted: 5-15-08

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                        Date: _____
   CDC 502 (12/87)

STATE OF CALIFORNIA
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

***Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:***

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| T. BLOODSAW | *T. Bloodsaw* | 3-21-08 |

| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
|---|---|---|---|
| T. BLOODSAW | *T. Bloodsaw* | P-20045 | |

| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
|---|---|---|
| F. MARULLI, LT. | *F. Marulli* | 3-21-08 |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

*10*

# FIRST LEVEL APPEAL RESPONSE

| | |
|---|---|
| **DATE:** | March 21, 2008 |
| **APPEAL LOG NUMBER:** | PBSP-S-08-00715 |
| **INMATE NAME:** | BLOODSAW |
| **CDC NUMBER:** | P-20045 |
| **APPEAL DECISION:** | **DENIED** |

**APPEAL ISSUE:**   (Modified)

You submitted a 602 Citizen Complaint, alleging Correctional Officer M. D. Baron treated you in a disrespectful manner by calling you a "Big nosed, nigger."

**FINDINGS:**

On March 21, 2008, Correctional Lieutenant F. Marulli interviewed you concerning the contents of your appeal. During the course of this interview, you reiterated essentially the same issues and information contained in your appeal. You further stated every employee, custody and non-custody, assigned to the Administrative Segregation Unit (ASU) constantly refer to you as being ugly, having a big nose, or nigger. In addition to which you stated, the ASU Lieutenant and Sergeants are aware of how everyone in ASU treats you and they don't only allow it, they're also part of it.

In the event staff misconduct is sustained, the institution's Administration will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or the inmate population and will not be released to the inmate. Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

**DETERMINATION OF ISSUE:**

A through review of the allegation presented in this complaint has been completed. You have not provided any substantial evidence proving custody staff treated you in a disrespectful manner, or constantly refer to you as "Ugly", "Big Nose" or "Nigger"; therefore your appeal lacks validity. Based on this review, the action requested to resolve this appeal is **DENIED**. Additionally, the following determination has been made that your allegations of staff misconduct are: **UNFOUNDED** at the First Level of Review.

R. BELL
Facility Captain
Facility B

P. T. SMITH
Associate Warden
General Population

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: MAY 1 2 2008


Inmate BLOODSAW, P-20045
Pelican Bay State Prison
Facility B, Behavioral Management Unit
Building 8, Cell 113


RE:    WARDEN'S LEVEL DECISION          APPEAL: PARTIALLY GRANTED
       APPEAL LOG NO. PBSP-S-08-00715    ISSUE: STAFF COMPLAINT

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Lieutenant F. Marulli interviewed the inmate on March 21, 2008.

## ISSUES

Inmate Bloodsaw alleges Correctional Officer (CO) M. D. Baron came to his cell, made racial slurs, and harassed him by stating, "The big nose nigger that's always looking in the mirror at the big nose." The inmate is alleging he is confined unlawfully in the Administrative Segregation Unit at PBSP.

## FINDINGS

I

On an undisclosed date, at the inmate's cell, the inmate claims CO M. D. Baron made inappropriate comments.

II

This complaint was assigned as a Staff Complaint Appeal and was processed as such. The inmate and staff were interviewed concerning the allegations. A Staff Complaint Reviewer completed a report concerning the allegations, the results of the review, and a discussion of the conclusions that were reached.

III

A Legal Status Summary showing the inmate's minimum adjusted release date as June 27, 2020, is attached.

*12*

Supplement Page 2
BLOODSAW, P-20045
Appeal # PBSP-S-08-00715

## DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review into the claim presented by the inmate has been conducted and evaluated in accordance with PBSP's institutional procedures and departmental policies.

All involved staff were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters is not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff misconduct, the institutional supervisory and administrative staff would take the appropriate course of action. However, this would remain confidential information and would not be released.

The inmate has accumulated a classification score of 133 points and is appropriately housed at PBSP. A thorough investigation was conducted at the First Level of Review. The investigation concluded that the allegations of staff misconduct have been UNFOUNDED. The inmate has failed to provide any specific evidence that any staff have harassed or retaliated against him due to the filing of staff complaints. However, the complaint was thoroughly investigated; therefore the appeal is PARTIALLY GRANTED.

## MODIFICATION ORDER

No modification of this decision is required.

ROBERT A. HOREL
Warden

DLJ #9  5-6-08

STATE OF CALIFORNIA --DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR



**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

April 15, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0724089      PROGRAM

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

*[signature]*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

*1/4*



State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

February 20, 2008

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

***You have failed to reasonably demonstrate that the issue you are appealing adversely affects your welfare, pursuant to CCR 3084.1(a).***

***PLEASE REFRAIN FROM BEGINNING ALL OF YOUR APPEALS WITH YOUR FALSE IMPRISONMENT AND SINGLE CELL STATUS, BUT RATHER SIMPLY STATE YOUR CURRENT ISSUE AND WHAT ACTION YOU ARE REQUESTING. IT IS VERY DIFFICULT TO FIND YOUR ISSUE WITHIN YOUR APPEAL. IT APPEARS YOUR ISSUE HERE IS A CELL SEARCH. NOTHING WAS CONFISCATED AND YOUR OPINION OF WHY YOUR CELL WAS SEARCHED HAS NO BEARING ON THE FACTS.***

Appeals Coordinator
Pelican Bay State Prison

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

| **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE** |
| --- |

FEB 2 0 2008

2 5

FEB 2 7 2008

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| **PBSP** | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bloodsaw Theopric P20045 | P20045 | | ASU-E1 |

**A. Describe Problem:** VanderhootVen J; C/O I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. On 11-8-02 I was unlawfully arrest- ed as a parole violator Penal Code 5011, a parole warrant is P.C.3056. PBSP has no legal jurisdiction or authority for my confinement at PBSP or being unlawfully confi- ned in ASU. Their is not a felony complaint P.c 872. order

If you need more space, attach one additional sheet.

**B. Action Requested:** holding defendant to answer endorsed against m- e on three counts case No. YA053506. CDC No. P20045 is a fraudulent void CDC No. PBSP custody and medical sta- ff are corrupt by using fraudulent documents to deprive

Inmate/Parolee Signature: _T. Bloodsaw_    Date Submitted: 2-19-08

**C. INFORMAL LEVEL (Date Received:          )**

Staff Response: Bypass - informal review not required

RECEIVED
FEB 27 2008
INMATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

and a SHU term that has failed, staff has been reckless since my arrival. I am legally and medically entitle to sing- le cell housing. CCR 3084.1, 3000 Definitions. 3273 Acc- eptance and Surrender of Custody. 3C3 unlawful Influence.

Signature: _T. Bloodsaw_    Date Submitted: 2-19-08    CDC Appeal Number:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

18

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C. E. Wilber your malice is corrupt. 78 S. Ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 83 S. ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963) 89 S. ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 59 S. ct. 954, 307 U.S. 496 Hague v. CIO (1939)*

Signature: *T. Bloodsaw*    Date Submitted: *2-21-08*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law. Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 96 S. Ct. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 141 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964)*

Signature: *T. Bloodsaw*    Date Submitted: *2-22-08*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)



0724089

# INMATE/PAROLEE
# APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region   Log No.   Category

1. _____   1. _____
   *Fast*

2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Bloodsaw Theopric | P20045 | | ASU-E1 |

**A. Describe Problem:** me of my privileges and benefits. In the month of February 2008 you decided to harass me other than on your own behalf it was done as a favor to the Hispanic inmates. You had no probable cause to search my cell while I was in the shower and then make false statements as a excuse for you doing it. I seriously believe that your intentions were to plant a weapon in my cell their has been to many attempts for a D.A. referral

If you need more space, attach one additional sheet.

**B. Action Requested:** Jurisdiction Requirements he is in violations of the Sherman Act

CV-00752-JF-550

Inmate/Parolee Signature: *T. Bloodsaw*          Date Submitted: 2-19-08

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: *Bypass - informal review not required*

_____

_____

_____

RECEIVED
INMATE APPEALS BRANCH
FEB 27 2008

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

3901.17.1. Authority to Place Parole Hold. 3377.1. Inmate Custody Designations. 87 S. Ct. 1737, 387 U.S. 541 See v. City of Seattle (1967) 81 S. Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952)

Signature: *T. Bloodsaw*          Date Submitted: 2-19-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

FEB 2008

25

First Level     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days). Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:                                            Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*92 U.S.275, 92 U.S.275 Chy Lung v. Freeman (1875) 26 S. ct. 282, 200 U.S.321 United States v. Detroit Timber & Lumber Co. (1906) 80 S.ct.412, 361 U.S.516 Bates v. City of Little Rock (1960) 60 S.ct.811, 310 U.S.150 U.S. v. Socony-Vacuum Oil Co. (1940)*

Signature: *T. Bloodsaw*     Date Submitted: *2-21-08*

Second Level     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days). Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974) 9 S. ct. 122, 128 U.S.456 Cornelius v. Kessel (1888) 17 S.ct.540, 166 U.S.290 U.S. v. Trans-Missouri Freight Ass'n (1897) 86 S.ct.1800, 384 U.S.808 City of Greenwood, Miss. v. Peacock (1966) 100 S.Ct.502, 444 U.S.232 McLain v. Real Estate Bd. of New Orleans, Inc. (1980)*

Signature: *T. Bloodsaw*     Date Submitted: *2-22-08*

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____
☐ See Attached Letter
                                                    Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA –DEPARTMENT OF CORRECTIONS AND REHABILITATION     ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 29, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: IAB# 0725790      DISCIPLINARY

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

*18*

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

March 5, 2008

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*Your disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*YOU MUST ATTACH FINAL COPY OF RVR AND ALL SUPPLEMENTAL REPORTS THAT WERE SERVED TO YOU.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

9

*Emergency Appeal*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No        Category

PBSP

1. _____    1. _____    1/6

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal, with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME **Bloodsaw Theopric**    NUMBER **P20045**    ASSIGNMENT    UNIT/ROOM NUMBER **ASU-E1**

A. Describe Problem: **Tupy R, Lieutenant I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. On 11-8-02 I was unlawfully attacked and arrested as a parole violator Penal Code 5011. a parole warrant is P.C. 3056. C.D.C. No. P20045 is a fraudulent C.D.C. No. On case No. YA053506 the felony complaint P.C. 872. order holding defendant to answer**

If you need more space, attach one additional sheet.

**on three counts it is not endorsed. Repeatedly you have justified my false imprisonment you justified the unlawful attack by three corrupt C/Os on 4-12-07 against me that case was dismissed on 10-26-07.**
**T. Bloodsaw**    Date Submitted: **3-3-08**

Inmate/Parolee Signature: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: **Bypass - informal review not required**

INMATE APPEALS BRANCH

RECEIVED MAR 2 2008

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**corruption at PBSP it appears to me this is organized crime PBSP has its own law. How could I be a program failure and unlawfully forced into a BMU. I am legally and medically entitle to single cell housing. C.C.R. 3084.7.**
**T. Bloodsaw**    Date Submitted: **3-3-08**

Signature: _____    CDC Appeal Number: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

MAR 4 2008

2

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned _____

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

C.E. Wilber, A.C. your excuses has nothing to do with Jurisdiction requirements of the U.S.C. Amendments. 78 S.Ct.1332, 357 U.S.513 Speiser v. Randall (1958) 89 S.Ct.1322, 394 U.S.618 Shapiro v. Thompson (1969) C.C.R. 3901.3.1.

Signature: _____ T. Bloodsaw _____ Date Submitted: 3-6-08

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Constitutional Law. 26 S.Ct.282, 200 U.S.321 United States v. Detroit Timber + Lumber Co. (1906) 72 S.Ct.205, 342 U.S. 165 Rochin v. Calif. (1952) 80 S.Ct.412, 361 U.S.516 Bates v. City of Little Rock (1960) 96 S.Ct.1848, 425 U.S.738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 17 S.Ct.540, 166 U.S.290 U.S. v. Trans-Missouri Freight Ass'n (1897)

Signature: _____ T. Bloodsaw _____ Date Submitted: 3-7-08

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

0725790

*Emergency Appeal*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bloodsaw Theopric | P.20045 | | ASU-E1 |

A. Describe Problem: As a result you retaliate you justify a second ~~se ce~~ Fraudulent CDC 115 of 12-19-07 a so-called indecent exposure which was not true against a male r-egistered nurse. You along with C.S.R. and medical staff and others are desperately trying to create a crime and charge me with it you are desperate for a district attorney referral. These are fraudulent documents that you are signing against me as true their is a lot of

If you need more space, attach one additional sheet.

B. Action Requested: Jurisdiction Requirements

CV-00752-JF-550

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 3-3-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

INMATE APPEALS BRANCH

MAR 12 2008

RECEIVED

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification Chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

3000. Definitions. 3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3377.1. Inmate Custody Designations. 3901.17.1. Authority to Place Parole Hold. 87 S.Ct. 1737, 387 U.S. 541 See v. City of Seattle (1967)

Signature: T. Bloodsaw          Date Submitted: 3-3-08

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

| Staff Signature: _____ | Title: _____ | Date Completed: _____ |
| Division Head Approved: | | Returned |
| Signature: _____ | Title: _____ | Date to Inmate: _____ |

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III. Particular circumstance under which exhaustion of state remedies is or is not necessary. 59 S. Ct. 954, 307 U.S. 496 Hague v. CIO (1939)*

Signature:    T. Bloodsaw    Date Submitted: 3-6-08

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965) 112 P. 2d 241, 17 Cal. 2d 778 People v. Shaw (1941) 81 S. Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 9 S. Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 60 S. Ct. 811, 310 U.S. 150 U.S. v. Socony-Vacuum Oil Co. (1940) 3 901.21.4. Central Office Calendar.*

Signature:    T. Bloodsaw    Date Submitted: 3-7-08

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942863
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | | | |
|---|---|---|---|
| WHITE | CENTRAL FILE | CANARY | WARDEN |
| BLUE | INMATE (2ND COPY) | PINK | HEALTH CARE MGR |
| GREEN | ASU | GOLDENROD | INMATE (1ST COPY) |

GPL: 3.3/ LOC=CLEAR

| INMATE'S NAME | CDC NUMBER | |
|---|---|---|
| BLOODSAW | P20045 | ASUE-01L |

## REASON(S) FOR PLACEMENT (PART A)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY    ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

You are currently serving a determinate SHU term due to an RVR dated 4-12-07, Battery on a Peace Officer with a MERD of 4-12-08. You have an extensive disciplinary history including and RVR dated: 12-19-07, Indecent Exposure. Based upon the aforementioned, your presence in General Population continues to pose a threat to the safety of others and the security of the Institution. You are scheduled to appear before Classification Committee for a Subsequent ASU review. During this review your disciplinary history will be reviewed and a determination will be made relative to your possible retention in SHU on Indeterminate status. You will be afforded the opportunity to present any relevant information to Classification Committee regarding your current housing and or program.

| ☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | | ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | | N/A |
|---|---|---|---|---|
| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | | TITLE |
| 04-12-2007 | F. MARULLI | | | LIEUTENANT |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| 03-12-2008 | | D.J. HARLOW | | OFFICER |
| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | | | CDC NUMBER |

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEES NAME | TITLE |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | ☐ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | | ☐ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | | ☐ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | | ☐ YES | ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | | ☐ YES | ☐ NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES ☐ NO | | | | |

Any "NO" requires SA assignment            Any "NO" may require IE assignment

☐ NOT ASSIGNED    3.3 GPL            ☐ NOT ASSIGNED

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE    | INMATE SIGNATURE | DATE |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC UMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY _____ ☐ RETAIN PENDING ICC REVIEW ☐ DOUBLE CELL ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

9995 22

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

GPL= 3.3          CCCMS=NO

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| -20045 | BLOODSAW | EPRD: 06-21-2020 | PBSP | ASUE-01L | E07-12-0003 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE: | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | ASU-1 | 12-19-2007 | 0730 |

CIRCUMSTANCES:

On Wednesday, December 19, 2007 at approximately 0730 hours while doing my medication pass, I stopped at ASUE-01L, which is solely occupied by inmate BLOODSAW, P-20045. I was attempting to give BLOODSAW his morning medication and triage his sick call slip. BLOODSAW became verbally abusive, using vulgar language toward me. I made several attempts to communicate with BLOODSAW, with negative results. BLOODSAW continued to use vulgar language towards me, and stated he is refusing his medication. At that time BLOODSAW said, "Suck my dick" as he pulled his penis out with his left hand and waved his penis at me. At that time I exited the section, and notified Lt. G.A. Kelley of the incident. BLOODSAW is aware of this report. (Refer to PBSP-FBAS-07-12-0507.)

This inmate is not EOP or crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| L.N. S. NAKAMURA | 12/26/07 | ASU-1 REGISTERED NURSE | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J.C. ANDERSON, SGT. | 12/ / | N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | (15) | 1/4/0 | R. TUPY, LT. | ☐ HO  ☒ SHO  ☐ SC  ☐ |

## COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | D. HARLOW, C/O | 12-26 2007 | 1155 | N/A | | |

| ☒ INCIDENT REPORT LOG NUMBER PBSP-FBAS-07-12-507 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | D. HARLOW, C/O | 12-26 2007 | 1155 | N/A | | |

HEARING

SEE ATTACHED HEARING DISPOSITION

DA Referral Memo to Inmate
12-31-2007 @ Harlow @ 0945

DA Reject Memo to Inmate
1-7-2008 @ 1010 hrs. Lt. Harlow

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| T. BOSLEY, SENIOR HEARING OFFICER | | | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| M. FOSS, CAPT | 1/1/ | M.A. COOK, AWGP | 1-  08 | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|
| | | | 1-7 2007 | 11 11 |

DC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3007 | 12-19-07 | PBSP | E07-12-0003 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   [X] YES   [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ► Refused to sign | 12-20-2007 |
| [ ] **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ► | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I REVOKE** my request for postponement. | ► | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [X] WAIVED BY INMATE | ► Refused to sign | 12-20-2007 |
| [X] ASSIGNED | DATE  NAME OF STAFF | | |
| [ ] NOT ASSIGNED | REASON  cpl. 33 | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [X] WAIVED BY INMATE | ► Refused to Sign | 12-20-2007 |
| [ ] ASSIGNED | DATE  NAME OF STAFF | | |
| [X] NOT ASSIGNED | REASON  inmc per CCR 3215 (d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:
none

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
[ ] REPORTING EMPLOYEE   [ ] STAFF ASSISTANT   [ ] INVESTIGATIVE EMPLOYEE   [ ] OTHER _____   [X] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ► n.a. | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| [X] COPY OF CDC 115-A GIVEN INMATE | ► | 1155 | 12/20/07 |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

STATE OF CALIFORNIA                                         DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                             PAGE ___1___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | E07-12-0003 | PBSP | 12/28/07 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E. REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: On December 28, 2007 at approximately 0850 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O R. Achziger and C/O H. SOULE) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. He was informed that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, B. Price, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Price confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/ Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 12/19/07 as well as the Incident report.

**Finding**: Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of Registered Nurse S. Nakamura in the disciplinary report of 12/19/07 wherein Nakamura testifies that, "On 12/19/07 Inmate BLOODSAW, P-20045, ASUE-01L, pulled his penis out with his left hand and waved it at me stating suck my dick.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| T. Bosley | | Correctional Lieutenant | 12/28/07 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
| X | C/O RD Harlow | 1-7-2008 | 1010 |

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                         PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| P-20045 | BLOODSAW | E07-12-0003 | PBSP | 12/28/07 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E. REPORT | ☐OTHER |

**Disposition**: Assessed 90 day credit forfeiture for this Div. D offense. With this notice, BLOODSAW is informed that his credit restoration period began 12/20/07 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Referred to classification for SHU assessment. With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**: Per PBSP Pilot Program for Management of indecent exposure incidents, the hearing officer may suspend specific privileges for no more than 90 days for the first offense and 180 days for the second offence with the suspension period starting the day of the hearing. The following privilege is suspended for this inmate: canteen and vender purchases. These privileges are suspended from the date of this hearing through 03/27/08 for a total of 90 days.

**Copies**: Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---------------------|---|-------|---------------------|---|
| T. Bosley | | Correctional Lieutenant | 12/28/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: |
| X | Harlow | | 1-7-2008 | 1010 |

104 26
State of California

ASU-E1

# Memorandum

Date : December 27, 2007

## DA REFERRAL
### (DETAINER)

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT #PBSP-FBAS-07-12-0507

On December 19, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

### 314  Indecent Exposure

As of December 27, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date : January 2, 2008

# DA REJECT
## (DETAINER REMOVAL)

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBSP-FBAS-07-12-0507**

On December 19, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

### 314  Indecent Exposure

On December 27, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On January 2, 2008, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate. Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case.  If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.3

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDCR 837-A (REV. 10/06)

| Page 1 of 4 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| | PBSP-FBAS-07-12-0507 | 12/19/2007 | 07:30 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | PROGRAM | AD/SEG YARD | USE OF FORCE: |
|---|---|---|---|---|---|---|---|
| PBSP | FBAS - ASU | ☐ I ☐ II ☐ RC<br>☐ III ☑ IV | ADMINISTRATIVE SEGREGATION | SECTION E, CELL ASU-E-01L | ASU | N/A | No |

| SPECIFIC CRIME / INCIDENT | | NUMBER / SUBSECTION |
|---|---|---|
| Sexual Misconduct - Indecent Exposure | ☑ CCR ☑ PC ☐ N/A<br>3007 Sexual Behavior<br>PC 314 | - - |

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID | PIO/AA NOTIFIED |
|---|---|---|---|
| ☑ Yes ☐ No | ☐ Yes ☑ No | ☐ Yes ☑ No | ☑ Yes ☐ No |

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A<br><br>Other Desc: |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |
| **ESCAPES** | | |
| ☑ N/A | | |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |
| | | | **EXTRACTION:**<br>☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)
On, Wednesday, December 19, 2007, Inmate BLOODSAW, P-20045, ASU-E-01L, intentionally exposed his penis to Registered Nurse S. Nakamura and said "Suck on this, can you see it." while holding his penis with his left hand and shaking it.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE)<br>GLENN KELLEY | TITLE<br>CORRECTIONAL LIEUTENANT | ID#<br>116001582 | BADGE #<br>12097 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE<br>6200 | DATE<br>12/19/2007 |
| NAME OF WARDEN / AOD (PRINT/ SIGN)<br>ROBERT HOREL | | TITLE<br>WARDEN | DATE |

# CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

| | Page 2 of 4 | INCIDENT LOG NUMBER<br>PBSP-FBAS-07-12-0507 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| PBSP | FBAS - ASU | 12/19/2007 | 07:30 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT ☐ SUPPLEMENTAL INFORMATION ☐ AMENDED INFORMATION ☐ CLOSURE REPORT

At approximately 0730 hours, while delivering medication to inmates in their cells, RN Nakamura approached cell ASU-E-01 solely occupied by inmate BLOODSAW and began conversing with BLOODSAW about his medication, when BLOODSAW became angry and began calling RN. Nakamura profanities. Then BLOODSAW intensionally exposed his penis and began shaking it with his left hand to direct RN. Nakamura's visual attention to it and stated "Suck on this, can you see it." RN. Nakamura departed the area and reported the incident to Lieutenant G. A. Kelley.

SUSPECT:BLOODSAW, P-20045

VICTIM:RN. S. Nakamura

MEDICAL REPORTS/INJURIES TO STAFF: None reported.

MEDICAL REPORTS/INJURIES TO INMATES: None reported

PAST CDC RULES VIOLATIONS: None.

PAST CRIMINAL HISTORY: None for PC 288 or 314 related offenses.

CRIME SCENE/EVIDENCE: None identified.

USE OF FORCE: None reported.

STATUS OF VIDEOTAPED INTERVIEW: No videotape interview was conducted because there were no Head Injures, no Serious Injures or Force Allegations made during this incident.

ESCORTS: None required.

CONCLUSION: Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3007, Sexual Behavior, Specifically 'Indecent Exposure'. This case will be referred to the Del Norte County District Attorneys Office for possible felony prosecution. Inmate BLOODSAW was placed on yellow placard caution and indecent exposure jump suit status as precautions to future indecent exposure incidents should they occur.

NOTIFICATIONS: The Facility 'B' Captain, M. Foss, and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE)<br>GLENN KELLEY | TITLE:<br>CORRECTIONAL LIEUTENANT | ID#<br>116001582 | BADGE #<br>12097 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE<br>6200 | DATE<br>12/19/2007 |
| NAME OF WARDEN / AOD (PRINT/ SIGN)<br>ROBERT HOREL | | TITLE<br>WARDEN | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

DV-1.5.3

# CRIME / INCIDENT REPORT
## PART B1 - INMATE
CDCR 837-B1 (REV. 10/06)

Page 3 of 4

| INSTIUTTION | FACILITY | | INCIDENT LOG NUMBER | |
|---|---|---|---|---|
| PBSP | FBAS - ASU | | PBSP-FBAS-07-12-0507 | |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | | | FIRST | | MI | CDC # | SEX | ETHNICITY | FBI #: | | CII # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| BLOODSAW | | | THEOPRIC | | NMI | P-20045 | M | BLA | 496721PA9 | | A08953256 |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 119 | YES | 06/11/2003 | 09/27/2007 | 05/28/2020 | 0 | NO | 06/25/1958 | ASU-E01L |

| CURRENT INMATE LEVEL | ☑ N/A | ☐ CCCMS | ☐ EOP | ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|---|---|---|
| IV | ☐ MHCB | ☐ DDP | ☐ DPP | | BATTERY ON A PEACE OFFICER | LOS ANGELES |

☑ N/A    DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE

| ☑ N/A ☐ DECEASED DATE | ☐ TREATED AND RELEASED | ☐ HOSPITALIZED ☐ REFUSED TREATMENT ☑ N/A | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|---|

| Reason For Death: | Is There ASCA Serious Injury ☑ N/A    PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|
| | ⦿ No    ◯ Yes | |

*Ho 31.*
*top*

## INCIDENT NUMBER:   PBSP-FBAS-07-12-0507

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the 837B as part of the evidence for their disciplinary hearings.

Per the Memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his pre-hearing documents.  A list of the participants may be substituted.  This is the list of participants authorized by that Memorandum.

| I/M NAME | CDCR # | STAFF NAME | TITLE |
|---|---|---|---|
| BLOODSAW | P-20045 | G.A. KELLEY | LIEUTENANT |
|  |  | S. NAKAMURA | REGISTERED NURSE |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PBSP-FBA5-07-12-0507

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| NAKAMURA | STEVEN | Y | 12/19/07 | 0730 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 034520 | ASU-1 RN | 11 Years / 11 Months | | 12/19/07 | ASU E-1 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 06-14 | 3007 Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☑ PRIMARY | S- C. Kelley Lt. | S- Bloodsaw    CDC # P20045   ASU E-1 |
| ☐ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

**FORCE USED BY YOU**
- ☐ WEAPON
- ☐ PHYSICAL
- ☐ CHEMICAL
- ☑ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☐ PHYSICAL
- ☐ CHEMICAL
- ☑ NONE

**WEAPONS AND SHOTS FIRED BY YOU**
NO: ___    NO: ___    TYPE:
- ☐ MINI-14 ___
- ☐ 9 MM ___
- ☐ 38 CAL ___
- ☐ SHOTGUN ___
- ☑ N/A
- ☐ 37 MM ___
- ☐ 40 MM ___
- ☐ L8 ___
- ☐ 40 MULTI ___
- ☐ HFWRS
- ☐ BATON

**CHEMICAL AGENTS USED BY YOU**
TYPE:
- ☐ OC ___
- ☐ CN ___
- ☐ CS ___
- ☐ OTHER: ___
- ☑ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☑ NO | ☑ N/A | ☑ N/A | ☐ YES ☑ NO | ☑ YES ☐ NO  wash. |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☑ NO | ☑ N/A | ☑ N/A | ☐ BODILY ☑ N/A ☐ UNKNOWN ☐ OTHER: | ☐ YES ☑ NO |

**NARRATIVE:** On 12/19/07 at approximately 0730 while doing my medication pass, I stopped at inmate Bloodsaw's cell (P20045) at ASU E-1 to give him his medication and to triage his sick call slip. Bloodsaw said, "Kiss my black Ass. Fuck you bitch. Kiss my black ass. One more of those are on the way. I notified you 3 weeks ago that I did not want to see that bitch. What do you mean I cannot pick and choose. Fuck you bitch. Kiss my mother fucking black ass! Tell that bitch that I am a racist mother fucker. I will get my mother fucking medication. Everything is on that. Can you read and write mother fucker? Can you read and write. I told that bitch

☑ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| S. Nakamura | RN | N/A | 12/19/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| S. WRIGHT  - S. Wright | 12-19-07 | ☑ YES ☐ NO | ☐ YES ☑ NO | 12-19-07 |

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/06)

PAGE **2** OF **2**

INCIDENT LOG NUMBER
PBSP- PBAS-07-12-0507

| NAME: LAST | FIRST | MI |
|---|---|---|
| NAKAMURA | STEVEN | Y |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: I'm refusing. Suck my dick. Suck my dick. Can you see it? Bloodsaw at this point had pulled his penis out and was waving it at me with his hand. I was offended by his exposure of his penis. I walked off the tier. I notified Lt Kelly of the incident. It should be noted that Bloodshaw was holding his penis with his left hand.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | | | 12-19-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 12-19-07 | ☒ YES ☐ NO | ☐ YES ☒ NO | 12-19-07 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS
CCCMS-NO GPL 910

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BLOODSAW | P-20045 |

### REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY   [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, April 12, 2007, a decision was made to place you in the Administrative Segregation Unit (AD-SEG). The reason for your placement is while housed on Facility B you were charged with Battery on a Peace Officer. Specifically, you battered Correctional Officer J. Thom. Due to the lack of bed space in ( AD-SEG) you will be confined to quarters until bed space is available. You were not placed into ( AD-SEG) until _4-13-07_ You will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / / |
|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 4-13-07 | R TUPY | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 4-13-07 | | R. Mozuck C/O | | C/O |

| [X] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

### ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | | | |
|---|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | |

Any "NO" requires SA assignment          Any "NO" may require IE assignment

[ ] NOT ASSIGNED          [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**



State of California

# Memorandum

Date  :  May 4, 2007

## DA REFERRAL
### (DETAINER)

To    :  M. D. Yax
         Associate Warden
         Central Services

From  :  Department of Corrections and Rehabilitation
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P20045**, committed the following violation of the California Penal Code Section:

    **69**              **Resisting or Deterring an Officer**

    **4501.5**       **Battery Upon a Person not a Prisoner**

As of May 4, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

State of California

# Memorandum

Date : June 7, 2007

# DA ACCEPTED

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

     **69**        **Resisting or Deterring an Officer**

     **4501.5**     **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

     **COUNT I   4501.5 Battery Upon a Person not a Prisoner**

     **COUNT II  69**      **Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

State of California
**M e m o r a n d u m**

Date   :   November 6, 2007

**DA DISMISS**
(AND DETAINER REMOVAL)

To     :   M. D. Yax
          Associate Warden
          Central Services

From   :   Department of Corrections and Rehabilitation
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :   **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

        **69          Resisting or Deterring an Officer**
        **4501.5      Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

        **COUNT I    4501.5 Battery Upon a Person not a Prisoner**
        **COUNT II  69      Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate.  Please release the Detainer placed by this office.  Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case.  If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

        cc:   Facility Captain
              Facility S&E
              Records
              Security Squad
              Inmate
              OTC Desk
              CLO File

#7 43 37 38
34 43

MICHAEL D. RIESE
DISTRICT ATTORNEY
450 H Street, #171
Crescent City, CA   95531
Telephone: (707) 464-7210

Attorney(s) for Plaintiff

Space Below for use of Court Clerk Only

**ENDORSED**
FILED

OCT 2 6 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE

450 H Street, Crescent City, CA

THE PEOPLE OF THE STATE OF CALIFORNIA

v.

**THEOPRIC BLOODSAW** (P-20045)

Defendant

CASE NUMBER: **CRPB07-5089**

**REQUEST FOR DISMISSAL**

Next Court Date: 11/1/2007

Request is made to dismiss this action for the following reason:

Interests of justice.

Dated: October 24, 2007

MICHAEL D. RIESE
DISTRICT ATTORNEY

By:    Katherine Micks
       Deputy District Attorney

## IT IS SO ORDERED

Dated: OCT 2 6 2007

Robert W. Weir
Judge of the Superior Court

PROOF OF SERVICE

1

2

3       I am a citizen of the United States and a resident of the

4   County of Del Norte.  I am over the age of eighteen years and not

5   a party to the within above entitled action; my business address is

6   450 H Street, Crescent City, California, 95531.

7       On October 24, 2007, I served the within **REQUEST FOR DISMISSAL**

8   in this action by delivering to and leaving with the following

9   persons in the County of Del Norte, State of California, a true

10  copy thereof, to wit:

11

12  Law Office of **George Mavris**, *via clerk's receptacle*.

13

14

15      I, H. Diane Collins, declare, under penalty of perjury that

16  the foregoing is true and correct.

17

18  Executed on October 24, 2007, at Crescent City, California.

19

20

21                                      H. Diane Collins

22

23

24

25

26

27

28

DATE FAXED: 04-17-07

STATE OF CALIFORNIA

CCOMS:NO   GPL:3.3

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-20045 | BLOODSAW | | 5 28 2020 | PBSP | B8-101L | B07-04-0031 |

| VIOLATED RULE NO(S): | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (C) | BATTERY ON A PEACE OFFICER | B8-101L | 04-12-07 | 1855 HOURS |

CIRCUMSTANCES

On 4-12-07 at approximately 1855 hours officer T. Holmes and I were attempting to issue inmate BLOODSAW P-20045 B8-101L his legal mail in the B8 officer's station. Inmate BLOODSAW seemed to be agitated when he entered the officer station. Holmes and I attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive to the counseling and started yelling "FUCK YOU, FUCK YOU WHITE MOTHERFUCKERS, YOU CAN SUCK MY DICK!" Holmes and I gave BLOODSAW a direct order to return back to his cell. I escorted BLOODSAW back to A-section, he was still yelling and cursing. when approximately 2 feet from A-section door he turned left into a bladed stance. I ordered BLOODSAW to get down, instead BLOODSAW took a step toward me. I grabbed BLOODSAW by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling BLOODSAW down. With the help of officer Holmes, we placed BLOODSAW on the floor in a prone position. BLOODSAW continued to fight, refusing numerous orders to cuff up. I pulled BLOODSAW'S right arm behind his back, so Holmes could place hand cuffs on BLOODSAW. At this time BLOODSAW kicked me in the right knee while we were trying to gain control and place handcuffs and leg irons on him

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| T. THOM   *P. Thom* | 4.17.07 | B8 FLOOR #2 | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| A. NAVARRO, SGT | 04/17/07 | DATE  4/13/07 | LOC. A2 2022 |  |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | B | 04/17/07 | P. TERRY, LT  ► P.TERRY | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ► R. MILLS, C/O | 4/16/07 | 1225 | 7219 x 1 |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ► R. MILLS, C/O | 4/17/07 | 1225 | ► R. MILLS, C/O | 4/16/07 | 1225 |

HEARING

PEP. B08- 07-04 -0144

(SEE ATTACHED HEARING SUMMARY)

Mental Health Assessment is not required.

REFERRED TO   ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| J. DIGGLE, LT | ► *Diggle* | 4 21-07 | 1930 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| M. FOSS, FACILITY CAPTAIN | | M.A. COOK, A.W. (G.P.) | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|
| CDC 115 (7/88) | | ► *McMick C/O* | 04/27/07 | 1730 |

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005(c) | 04-12-07 | PBSP | B07-04-0031 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ▶    DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ▶    DATE

DATE NOTICE OF OUTCOME RECEIVED          DISPOSITION

☐ **I REVOKE** my request for postponement.

INMATE'S SIGNATURE ▶    DATE

## STAFF ASSISTANT

STAFF ASSISTANT
☒ REQUESTED    ☐ WAIVED BY INMATE

INMATE'S SIGNATURE ▶ REFUSE    DATE

☒ ASSIGNED    DATE 4/14-07    NAME OF STAFF R. MILLS C/O REASSIGNED TO C/O LEVEQUE    4-20-07

☐ NOT ASSIGNED    REASON

## INVESTIGATIVE EMPLOYEE

☐ REQUESTED    ☒ WAIVED BY INMATE    INMATE'S SIGNATURE ▶ X REFUSE    DATE

☐ ASSIGNED    DATE    NAME OF STAFF

☒ NOT ASSIGNED    REASON DNMC Per 3315 (d) (1)

EVIDENCE / INFORMATION REQUESTED BY INMATE

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER ____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

☒ COPY OF CDC 115-A GIVEN INMATE    BY: (STAFF'S SIGNATURE) ▶    TIME 1230    DATE 4/4/07

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE ___1___ OF ___2___

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL    ☑CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☑HEARING    ☐I.E .REPORT    ☐OTHER

**Hearing:** On 04-21-2007 at approximately 1930 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O C. Speaker and C/O J. Keeling) to his refusal was completed.

**District Attorney:** Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised by the Staff Assistant prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. The Staff Assistant informed him that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant:** BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer C. Leveque, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Leveque confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee:** BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04-12-2007 as well as the Incident report.

**Finding:** Guilty of the Div. B (1) offense BATTERY ON A PEACE OFFICER. *Battery* means the deliberate use of force or violence on the person of another. Battery includes intentionally striking the person of another as well as the clothing or any object closely associated with that person. If the battery is unintentional, the inmate remains responsible if it is the result of reckless indifference. *Reckless indifference* means that any reasonable person committing the intended action would understand that battery was probable. This offense also requires that the victim of this battery qualify as a peace officer. In general, this means custody, counseling, administrative and MTA staff members. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Thom, in the disciplinary report of 04-12-2007, wherein Officer Thom testifies that on 04-12-2007, at approximately 1855 hours, He and Officer Holmes were issuing legal mail to BLOODSAW from the floor officer's station. BLOODSAW seemed agitated when he entered the officer's station. Officer Thom and Officer

| SIGNATURE OF WRITER J. DIGGLE | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE    2    OF    2

| CDC NUMBER<br>P-20045 | INMATE'S NAME<br>BLOODSAW | LOG NUMBER<br>B07-04-0031 | INSTITUTION<br>PBSP | TODAY'S DATE<br>4/23/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

Holmes attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive, and started yelling, "Fuck you, fuck you, you white motherfuckers, you can suck my dick." Officer Thom and Officer Holmes gave BLOODSAW a direct order to return to his cell. Officer Thom escorted BLOODSAW back to A section. BLOODSAW was still yelling and cursing, when approximately two feet from the A section door he turned left into a bladed stance. Officer Thom ordered BLOODSAW to get down. Instead, BLOODSAW took a step toward Officer Thom. Officer Thom grabbed BLOODSAW by the front of his shirt with his right hand and wrapped his left hand around BLOODSAW's upper body, pulling BLOODSAW down. With the help of Officer Holmes, they placed BLOODSAW on the floor in the prone position. BLOODSAW continued to fight, refusing numerous orders to submit to handcuffs. Officer Thom pulled BLOODSAW's right hand behind his back so Officer Holmes could place handcuffs on BLOODSAW. BLOODSAW kicked Officer Thom in the right knee while the officers were trying to restrain him.

B.  The 837C Crime / Incident report written by Correctional Officer T. Holmes, where Officer Holmes states that at some point during the incident, he sustained an injury to his right ring finger. The 7219 Medical Report of Injury reflects that Officer Holmes had swelling to his right ring finger.

C.  The fact that BLOODSAW kicked Officer Thom in the right knee clearly supports the charge of battery.

**Disposition:** Assessed **150** day credit forfeiture for this Div. B offense. Referred to classification for SHU assessment. BLOODSAW is referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties:** None

| SIGNATURE OF WRITER<br>J. DIGGLE | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>4/23/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | DATE SIGNED:<br>042707 | TIME SIGNED:<br>1300 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT

**PART A1 – COVER SHEET**

CDCR 837 – A (Rev. 07/05)

| PAGE 1 OF 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|

| INSTITUTION PBSP | FACILITY B | FACILITY LEVEL ☐ I  ☐ III ☐ II  ☒ IV | INCIDENT SITE B-8 | LOCATION Rotunda | ☐ ASU  ☐ SHU  ☐ PSU ☐ SNY  ☐ PHU  ☐ CTC ☒ GP  ☐ RC | SEG YARD ☐ ASU ☐ WA ☐ RM | USE OF FORCE ☒ YES  ☐ NO |
|---|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT BATTERY ON A PEACE OFFICER | ☒ CCR  ☐ PC  ☐ N/A | NUMBER/SUBSECTION: 3005 (c) |
|---|---|---|

| D.A. REFERRAL ELIGIBLE ☒ YES ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUESTED ☐ YES  ☒ NO | PIO/AA NOTIFIED ☒ YES  ☐ NO |
|---|---|---|---|

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE  TYPE: | | WEAPON: | WARNING# | EFFECT # | TYPE:  NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON  ☐ COMMERCIAL WEAPON | | ☐ MINI 14 | | | BATON ROUND |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD |
| ☐ OTHER | ☐ FIREARM  ☐ INMATE MANUFACTURED | | ☐ 9MM | | | RUBBER |
| | ☒ HANDS / FEET  WEAPON | | ☐ SHOTGUN | | | FOAM |
| | ☐ KNIFE | | LAUNCHER: | | | STINGER: |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) |
| ESCAPES | ☐ SPEAR | | ☐ 40 MM | | | EXACTIMPACT |
| | ☐ SLASHING INSTRUMENT:  (TYPE) _____ | | ☐ 40 MM MULTI | | | CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT:  (TYPE) _____ | | ☐ HFWRS | | | XM 1006 |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID _____ | | ☐ EXPANDABLE BATON | | | ☐ OC |
| | ☐ UNKNOWN LIQUID | | ☒ PHYSICAL FORCE | | | ☐ CN |
| ☒ N/A | ☐ N/A | | ☐ X10 | | | ☐ CS |
| | | | ☐ OTHER: | | | ☐ N/A |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY  LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | _____  _____ | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | _____  _____ | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | _____  _____ | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | _____  _____ | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | _____  _____ | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | _____  _____ | | ☐ NATURAL DIASTER | |
| ☐ MORPHINE | _____  _____ | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: _____ | _____  _____ | | ☐ SPECIAL INTEREST I/M | |
| ☒ N/A | | ☒ N/A | | ☒ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

**SUSPECTS:** BLOODSAW, P-20045, B8-101L

**VICTIMS:** Officer J. Thom, Officer T. Holmes

| COMPLETE SYNOPSIS / SUMMARY ON PART A1 | | Reviewed By:  Facility Captain M. Foss | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**PART A1 – SUPPLEMENT**
CDCR 837 – A1 (07/05)

| | PAGE | 2 | OF | 5 | INCIDENT LOG NUMBER<br>PBP-B08-07-04-0144 |

| INSTITUTION<br>Pelican Bay State Prison | FACILITY<br>B | INCIDENT DATE<br>April 12, 2007 | INCIDENT TIME<br>1855 hours |

| TYPE OF INFORMATION |
| ☒ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT |

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

| ☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | Reviewed By: Facility Captain M. Foss | |
| NAME OF REPORTING STAFF (PRINT/TYPE)<br>R. Tupy | TITLE<br>Lieutenant | ID #<br>N/A | BADGE #<br>55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE)<br>7953 | DATE<br>04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN)<br>ROBERT A. HOREL | | TITLE<br>Warden | DATE |

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| | | | |
|---|---|---|---|
| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT, A. . | Correctional Sergeant |
| | | CHAPMAN, C. . | Correctional Officer |
| | | HOLMES, T. . | Correctional Officer |
| | | NORTHRUP, L. . | Corrrectional Officer |
| | | SILVA, J. . | Correctional Officer |
| | | THOM, J. . | Correctional Officer |
| | | WADSWORTH, T. . | Correctional Officer |
| | | KEYS, J. . | MTA |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|

| NAME: LAST Pepiot | FIRST A. | MI L. | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 Hours |
|---|---|---|---|---|

| POST # 370376 | POSITION Facility B Program Sergeant | YEARS OF SERVICE 5 Years 06 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B 8 Rotunda |
|---|---|---|---|---|

| RDO's F/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on Peace Officer | CCR SECTION / RULE 3005 (c) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s)C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | | | | | |
| ☐ PHYSICAL | | NO: | ☐ 37 MM | NO: | TYPE: | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | | |
| ☒ NONE | ☐ 9 MM | | ☐ 40 MM | | ☐ OC | |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ L8 | | ☐ CN | |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | ☐ CS | |
| ☐ WEAPON | | | ☐ HFWRS | | ☐ OTHER: | |
| ☐ PHYSICAL | ☒ N/A | | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER | ☐ YES ☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/ O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF A. Pepiot | TITLE Sergeant. | BADGE # 64308 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| HOLMES | T. | R. | 04/12/07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371628 | B8 FLOOR OFFICER | 4 Years 5 Months | 04/12/07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | | T. WADSWORTH | | |
| ☐ WITNESS | (S) C/O L. NORTHRUP | (S) C/O J. SILVA | | |
| ☐ VICTIM | (S) C/O C. CHAPMAN | | | |
| ☐ CAMERA | (S) SGT. A. PEPIOT | . | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | | | | | | | |
| ☒ PHYSICAL | | NO: | | NO: | TYPE: | | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC | |
| ☐ NONE | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ L8 | | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: | |
| ☐ WEAPON | | | ☐ HFWRS | | | | |
| ☒ PHYSICAL | ☒ N/A | | ☐ BATON | | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | | |
| ☐ NONE | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | SPRAINED RIGHT RING FINGER | B-FACILITY MEDICAL CLINIC | ☐ BODILY    ☒ N/A | ☒ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☐ UNKNOWN    ☐ OTHER ____ | ☐ NO |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

❋ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. Holmes | C/O | 66538 | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pepiot  SGT  Pepiot | 4-12-07 | ☑ YES ☐ NO | ☐ YES ☐ NO | |

Distribution    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C1 – SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | | MI |
|---|---|---|---|

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONED NEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP.    AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|---|---|---|---|---|
| | C/O | 66538 | | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pepiot  SGT  Pepiot | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: PBP-08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Northrup | L | W | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371620 | B-7 floor | 4 Years / 10 Months | 4-12-07 | B-8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 14-2200 | Battery on Peace Officer | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt. A. Pepiot (S) | |
| ☒ RESPONDER | C/o T. Holmes (S) | |
| ☐ WITNESS | C/o J. Thom (S) | |
| ☐ VICTIM | C/o C. Chapman (S) | |
| ☐ CAMERA | C/o T. Wadsworth (S) | |

**FORCE USED BY YOU**
☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE

**FORCE OBSERVED BY YOU**
☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

NO: ___
☐ MINI-14 ___
☐ 9 MM ___
☐ 38 CAL ___
☐ SHOTGUN ___
☒ N/A

NO: ___   TYPE:
☐ 37 MM ___
☐ 40 MM ___
☐ LB ___
☐ 40 MULTI ___
☐ HFWRS ___
☐ BATON ___

**CHEMICAL AGENTS USED BY YOU**
TYPE:
☐ OC ___
☐ CN ___
☐ CS ___
☐ OTHER: ___
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ YES  ☒ NO | ☒ YES  ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A  ☐ UNKNOWN  ☐ OTHER: | ☐ YES  ☒ NO |

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Vm) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and beligerant while arguing. He began to yell obscenities at C/o thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home." As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| L.U. (signature) | C/o | 65647 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pepiot Sgt (signature) | 4-12-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST
*Northrup*

FIRST
*L*

MI
*W*

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out the door toward "A" section to ensure he went strait back to his cell. I began talking to C/o Holmes, st.11 inside the office, when I heard C/o Thom yell "get down". I immediately ran out of the office behind C/o Holmes and observed C/o Thom and Ym Bloodsaw clenched together struggling. C/o Holmes was in front of me and grabbed Bloodsaws upper body area and assisted in taking Bloodsaw to the ground. While on the ground Bloodsaw continued resisting by kicking hrs feet up and down and back and forth. C/o Thom and C/o Holmes were struggling with Bloodsaws upper body so I grabbed his feet in an attempt to subdue them. Bloodsaw continued to attempt to kick me so I placed my full upper body weight on his legs, I heard C/o Holmes order Bloodsaw to "Cuff up" "give me your arm" and continued to struggle before placing him in handcuffs. As responding staff arrived I began yelling for someone to get me some leg irons. C/o C. Chapman then stepped forward and placed Bloodsaw in leg irons. I then heard Sergeant A. Pediot say "get him up, take him to the hobby shop." C/o Holmes was on his left side with C/o Thom on his right side. They assisted Bloodsaw to his feet when C/o Chapman and C/o T. Wadsworth took over the escort. They escorted Bloodsaw out of B.B. this concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| *A.W.* | C/o | 65647 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES  ☐ NO | ☐ YES  ☐ NO | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 1 OF 2

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4.12.07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years 1 Months | 4.12.07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| 5/5/H | 0600/1400 | Battery on a Peace Officer | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) T/O T. Holmes | (S) I/m Bloodsaw P20045 |
| ☐ RESPONDER | (S) C/O C. Chapman | |
| ☐ WITNESS | (S) C/O T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

**FORCE USED BY YOU**
☐ WEAPON
☒ PHYSICAL
☐ CHEMICAL
☐ NONE

**FORCE OBSERVED BY YOU**
☐ WEAPON
☒ PHYSICAL
☐ CHEMICAL
☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| | NO: | | NO: | TYPE: |
|---|---|---|---|---|
| ☐ MINI-14 | | ☐ 37 MM | | |
| ☐ 9 MM | | ☐ 40 MM | | |
| ☐ 38 CAL | | ☐ L8 | | |
| ☐ SHOTGUN | | ☐ 40 MULTI | | |
| | | ☐ HFWRS | | |
| ☒ N/A | | ☐ BATON | | |

**CHEMICAL AGENTS USED BY YOU**

TYPE:
☐ OC
☐ CN
☐ CS
☐ OTHER:
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | Cut on right Hand and left wrist, Pain in right | | ☐ BODILY ☒ N/A | ☒ YES |
| ☐ NO | ☐ N/A Knee | ☐ N/A | ☐ UNKNOWN ☐ OTHER: | ☐ NO |

**NARRATIVE:** On 4.12.07 at approximately 1855 hours Correctional officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet before the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J.C. Thom | C/O | 45669 | 4.12.07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A Prieto Sgt | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

488  27551
46 178 30

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **2** OF **2**

INCIDENT LOG NUMBER
PBP-B08-07-04-014

| NAME: LAST | FIRST | MI |
|---|---|---|
| Thom | James | C |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took
a step towards me. I grabbed Bloodsaw by the front
of his shirt with my right hand and wrapped my left
arm around his upper body pulling ~~down~~ Bloodsaw down
with the help of C/o Holmes we placed Bloodsaw on the
floor in a prone position. Bloodsaw continued to fight
refusing numerous orders to cuff up. I pulled
Bloodsaw's right arm behind his back so C/o Holmes could
place Bloodsaw in Handcuffs. It should be noted that
befor the leg irons were placed on Bloodsaw's legs he
kicked me in the right knee. C/o's C. Chapman and
T. Wadsworth escorted Bloodsaw to the Hobby shop.
I was seen by medical staff for injuries to my hands
and right knee A 7219 Form was completed. This ends
my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/o | 45669 | 4·12·07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED    CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: PBP-B0P 07-04- 0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J. | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 CONTROL | 4 Years __ Months | 4-12-07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 1400-2200 | BATTERY ON PEACE OFFICER | 3005 (C) |

**YOUR ROLE**
- [ ] PRIMARY
- [ ] RESPONDER
- [X] WITNESS
- [ ] VICTIM
- [ ] CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
(S) J. THOM
(S) T. HOLMES
(S) L. NORTHRUP
(S) T. WODSWORTH
(S) C. CHAPMAN

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**
(S) BLOODSAW P-20045

**FORCE USED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [X] NONE

**FORCE OBSERVED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [X] NONE

**WEAPONS AND SHOTS FIRED BY YOU**

NO:
- [ ] MINI-14
- [ ] 9 MM
- [ ] 38 CAL
- [ ] SHOTGUN

NO: ___ TYPE: ___
- [ ] 37 MM
- [ ] 40 MM
- [ ] L8
- [ ] 40 MULTI
- [ ] HFWRS
- [ ] BATON
- [X] N/A

**CHEMICAL AGENTS USED BY YOU**

TYPE:
- [ ] OC
- [ ] CN
- [ ] CS
- [ ] OTHER: ___
- [X] N/A

**EVIDENCE COLLECTED BY YOU**
- [ ] YES
- [X] NO

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| [X] N/A | [ ] N/A | [ ] YES / [ ] NO | [ ] YES / [ ] NO |

**REPORTING STAFF INJURED**
- [ ] YES
- [X] NO

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|
| [X] N/A | [X] N/A | [ ] BODILY [X] N/A / [ ] UNKNOWN / [ ] OTHER: ___ | [ ] YES / [X] NO |

**NARRATIVE:**

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANITY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DESRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

[X] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| F. Sin Sergeant | 4-17-07 | [X] YES [ ] NO | [ ] YES [ ] NO | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-B C8-07-04-0144

| NAME: LAST | FIRST | MI |
|---|---|---|
| SILVA | J. | B |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT      [ ] CLARIFICATION OF REPORT      [ ] ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW. OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH, HE APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED MY INVOLVEMENT WITH THIS INCIDENT.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 67266 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 1 OF 1

INCIDENT LOG NUMBER: PBP-B08-07-04-014

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years | 2 Months | 04·12·07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW   P-20045 |
| ☒ RESPONDER | T. HOLMES C/O | |
| ☐ WITNESS | L. NORTHRUP C/O | |
| ☐ VICTIM | T. WADSWORTH C/O | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | NO: | NO:   TYPE: | TYPE: |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | ☐ OC |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | ☐ CN |
| FORCE OBSERVED BY YOU | ☐ 38 CAL | ☐ L8 | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN | ☐ 40 MULTI | ☐ OTHER: |
| ☐ PHYSICAL | | ☐ HFWRS | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | ☒ N/A |
| ☒ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:** ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8.101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS, I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C/O C. Chapman | C/O | 67045 | 04·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pierot   Sgt. / Pierot | 4-12-07 | ☒ YES   ☐ NO | ☐ YES   ☐ NO | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PBP. B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Wadsworth | T | P | 4-12-07 | 1855 |

POST # 37/621   POSITION: B7 Floor #2   YEARS OF SERVICE: 12 Years 10 Months   DATE OF REPORT: 4-12-07   LOCATION OF INCIDENT: B8 Rotunda

271579

RDO's: S/S   DUTY HOURS: 1400-2200   DESCRIPTION OF CRIME / INCIDENT: Battery on a Peace Officer   CCR SECTION / RULE: 3005 (c)

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. Thom C/O | (S) Bloodsaw  P-20045 |
| ☒ RESPONDER | (S) T. Holmes C/O | B8-101L |
| ☐ WITNESS | (S) L. Northrup C/O | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|---|
| ☐ WEAPON | NO: | NO: | TYPE: | TYPE: |
| ☐ PHYSICAL | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN |
| FORCE OBSERVED BY YOU | ☐ 38 CAL | ☐ L8 | | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: |
| ☐ PHYSICAL | | ☐ HFWRS | | ☒ N/A |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | | |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE: On Thursday, April 12th 2007 at approximately 1855 hours while working as B7 Floor Officer #2, I responded to a personel alarm in Unit B8. As I entered the Rotunda area of B8, I observed three officers and one inmate on the floor next to holding cell number two. Officer J. Thom was holding the upper left (right) side of inmate Bloodsaw P-20045 against the floor. Officer T. Holmes was holding the upper right (left) side of Bloodsaw against the floor. Officer L. Northrup was holding Bloodsaws legs down. I noticed that Bloodsaw had already been placed in handcuffs, when Officer C. Chapman placed leg restraints on Bloodsaw. Officer C. Chapman and myself escorted Bloodsaw out of the unit and placed him

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| T. Wadsworth | C/O | 49538 | 4-12-07 |

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE): A. Pep. of Set / Report   DATE RECEIVED: 4/12/07   APPROVED: ☒ YES ☐ NO   CLARIFICATION NEEDED: ☐ YES ☐ NO   DATE:

\# 36 185.58
\# 45

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR B37-C1 (Rev. 07/05)

PAGE **2** OF **2**

INCIDENT LOG NUMBER
**PBP- B08-07-04-0144**

| NAME: LAST | FIRST | Mi |
|---|---|---|
| WADSWORTH, | T | P |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT          ☐ CLARIFICATION OF REPORT          ☐ ADDITIONAL INFORMATION

NARRATIVE:    INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING
CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| T. W--- | C/O | 49538 | 4-12-07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

3037 17 7
92 96 34 37

STATE OF CALIFORNIA                                                 DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY
# OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | DATE |
|---|---|---|---|---|
| PBSP | B8 | (USE OF FORCE) / INJURY / UNUSUAL OCCURRENCE / ON THE JOB INJURY / PRE AD/SEG ADMISSION | | 1-12-07 |

| THIS SECTION FOR INMATE ONLY | NAME    LAST    Bradshaw    FIRST    Theodric | CDC NUMBER    P20045 | HOUSING LOC.    B8-101 | NEW HOUSING LOC. |
|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME    LAST    FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME    LAST    FIRST    MIDDLE | | DOB | OCCUPATION |
| | HOME ADDRESS    CITY    STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE    B8 Rotunda | DATE/TIME OF OCCURRENCE    1-12-07 - / 1855 | NAME OF WITNESS(ES)    Custody Staff |
|---|---|---|

| TIME NOTIFIED    1855 | TIME SEEN    1900 | ESCORTED BY | MODE OF ARRIVAL  (circle)    (AMBULATORY) / LITTER / WHEELCHAIR / ON SITE | AGE    48 | RACE    B | SEX    M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurt"   "My Knee hurt"

| INJURIES FOUND? (YES)/ NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE?  YES/(NO) |
| DECONTAMINATED?  YES/(NO) |
| Self-decontamination instructions given?  YES/(NO) |
| Refused decontamination?  YES/(NO) |
| Q 15 min. checks    N / A |
| Staff issued exposure packet?  YES/(NO) |

| RN NOTIFIED/TIME    Bales RN/1920 | PHYSICIAN NOTIFIED/TIME    N/A |
|---|---|

TIME/DISPOSITION
2010 / RETURNED to cell from CTC,
(Non-CCCMS patient)

| REPORT COMPLETED BY/TITLE    (PRINT AND SIGN)    J. Kerns / [signature] MTA | BADGE #    71765 | RDOs    M/T |
|---|---|---|

(Medical data is to be included in progress note or emergency care record filed in UHR)

56 78.74. 78
6    . 78
to   : 74 60
74

DA# 07040144                         Agency:  PBSP                          5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

                    Plaintiffs,

         vs.

THEOPRIC BLOODSAW, P-20045

                    Defendant.

**COMPLAINT**

Att:
AlexANdeR
CourT      DAtc
           6-14-07

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

COUNT 1.
BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the Penal Code, a felony.
     On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein. (Kicked in Knee)

COUNT 2.
RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal Code, a FELONY.
     On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers, to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

Orig

166 167 15
79
178 20 19
51

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

Katherine Micks,  DEPUTY DISTRICT ATTORNEY

FILED
MAY 3 0 2007
SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1  MICHAEL D. RIESE
   DISTRICT ATTORNEY
2  Courthouse - 450 H Street
   Crescent City, CA 95531
3  Telephone: (707) 464-7210

4              SUPERIOR COURT, OF CALIFORNIA

5                   COUNTY OF DEL NORTE

6

7  PEOPLE OF THE STATE OF CALIFORNIA,          CASE NUMBER:
                   Plaintiff,                  CRPBO7 - 5089
8                                              ORDER FOR TRANSPORT
       vs.                                     VIDEO
9
   THEOPRIC BLOODSAW, P-20045                  COURT DATE: May 31, 2007
10                 Defendant.                  TIME: 8:00 a.m.

11 TO THE WARDEN OF PELICAN BAY STATE PRISON:

12      IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
   court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
13 State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
   Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.
14
   IT IS FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
15 Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16 DATED:_____ MAY 3 0 2007         _____
                                      JUDGE OF THE SUPERIOR COURT
17                                    WILLIAM H  FOLLETT

18

19

20

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN ; ASU | GOLDENROD - INMATE (1ST COPY) |

INMATE'S NAME **BLOODSAW**  CDC NUMBER **P-37794**

## REASON(S) FOR PLACEMENT (PART A)

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [ ] ENDANGERS INSTITUTION SECURITY  [X] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Friday, June 10, 2005, a decision was made to place you into Administrative Segregation, Specifically, due to lack of bed space available in General Population. You will remain housed in Administrative Segregation pending bed availability in General Population. You will be seen by the A-Facility Captain and / or I.C.C. for your future housing and proper housing needs

- [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)  [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 6/10/05 | S.L. CASTRO | S.L. Castro | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 6/13/05 | 1900 | C/O R MARTINEZ | RSZ | C/O |

| [X] INMATE REFUSED TO SIGN | INMATE SIGNATURE  X REFUSED TO SIGN | CDC NUMBER P37794 |
|---|---|---|

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [X] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [X] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [X] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

Any "NO" requires SA assignment  [ ] NOT ASSIGNED

Any "NO" may require IE assignment  [ ] NOT ASSIGNED

### INMATE WAIVERS

[X] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER  [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE  | INMATE SIGNATURE  X REFUSED TO SIGN | DATE 6/13/2005 |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

DECISION: [X] RELEASE TO UNIT/FACILITY  GP  [ ] RETAIN PENDING ICC REVIEW  [X] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: Declined to be interviewed per C/O Forkner

RELEASE when BED is AVAILABLE

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| P T Smith | CAPT | 6/13/05 | 1500 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information



DEPARTMENT OF CORRECTIONS

# CALIFORNIA MEN'S COLONY

SAN LUIS OBISPO, CA 93409

GRAY DAVIS, Governor



*~~778 774~~* 64

**HEALTH INFORMATION SERVICES**
**CALIFORNIA MEN'S COLONY**
**P O BOX 8101**
**SAN LUIS OBISPO CA 93409-8101**

TO: *Theopric K Bloodsaw*          RE:    NAME: *Theopric K. Bloodsaw*
*SS# 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*                          CDC#: *E 40947 – archives 2-12-96*
                                           SSN#: *P 20045 – Reg# 8-9-02*
                                           DOB: *6-24-58*
                                           *6-24 58*

Receipt of a request for medical information on the above patient is acknowledged. Any items checked below are applicable to this request:

1. _____ The above-named inmate is no longer housed at this institution. He is currently at _____

_____

2. _____ The above-named inmate's medical records have been sent to his paroling region:

   _____ Region I, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742. *Ste P*

   _____ Region II, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742, *Ste P*

   ___✗___ Region III, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

   _____ Region IV, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

   _____ California Correctional Facility, Aeorjet Campus, 2015 Aerojet Rd, Rancho Cordova, CA, 95742. *Ste E*

3. ___✗___ The inmate has been discharged from the Department of Corrections. His records are stored in our Archives Unit. Their address is:

   California Department of Corrections
   Departmental Archives Unit
   Aeorjet Campus
   2015 Aerojet Rd    *Ste O*
   Rancho Cordova CA 95742

Your request has been forwarded to the inmate's current institution, paroling region offices or Archives Unit. For future reference, make note of the address checked above and send all further inquiries to that institution.

Sincerely,

*Mr. Bloodsaw, under cdc # E 40947. your records
were sent to archives when you were discharged from
parole in 2-96. Under cdc # P 20045 your ~~records~~
were forwarded to you parole region III ~~regds~~
have forwarded your request to both
places so that you will ~~re~~ receive
records for them both.*

Health Information Services,
Correspondence

*Thomas, HRT I*

cdconf.doc 10-98

CHASER Civil Docket Report for 5:00cv20505                                    Page 1 of 2

*40.*
*39  65*
*44*
*43*

CHASER Pre Extracted Civil Docket as of February 27, 2003 9:25 pm
TERMED TRANSF

# U.S. District Court

| * Parties * | * Attorneys * |
|---|---|
| U.S. District for the Northern D<br>CIVIL DOCKET FOR C | strict of California (San Jose)<br>SE #: 00-CV-20505 |
| Bloodsaw v. Woodford Filed: 04/24/00<br>Assigned to: Judge Jeremy Fogel<br>Demand: $0,000 Nature of Suit: 530<br>Lead Docket: None Jurisdiction: Federal Question<br>Dkt# in other court: None | |
| Cause: 28:2254 Petition for Writ | of Habeas Corpus (State) |
| THEOPRIC KENT BLOODSAW<br>Plaintiff | Theopric Kent Bloodsaw<br>[COR LD NTC] [PRO SE]<br>Booking No. 7475221<br>BKS No. F1,7000 Dorm C-7196<br>441 Bauchet Street<br>Los Angeles, CA 90012 |
| v. | |
| J.S. WOODFORD, Warden<br>defendant | |

## Docket Proceedings

| Date | Doc # | Docket Entry |
|---|---|---|
| 04/24/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (no process) Fee status ifpp entered on 4/24/00 () ; [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 04/24/00 | 1 | IN FORMA PAUPERIS AFFIDAVIT by Plaintiff Theopric Kent Bloodsaw for leave to proceed in forma pauperis [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 05/02/00 | 2 | DECLINATION to proceed before magistrate by Plaintiff Theopric Kent Bloodsaw [3:00-cv-01398] (ga) [Entry date 05/04/00] |
| 05/03/00 | 3 | ORDER by Mag. Judge Maria-Elena James of impending reassignment to a United States District Judge () (cc: all counsel) [3:00-cv-01398] (ga) [Entry date 05/05/00] |
| 05/10/00 | 4 | ORDER by Assignment Committee Case reassigned to Judge Jeremy Fogel referred to Judge Jeremy Fogel the affidavit motion for leave to proceed in forma pauperis [1-1] () (cc: all counsel) [3:00-cv-01398] (ga) |

| 05/18/00 | 5 | ORDER by Judge Jeremy Fogel to transfer case to Dist of: Central District of California ; appeal filing ddl 6/26/00 ( Date Entered: 5/25/00) (cc: all counsel) [5:00-cv-20505] (gm) [Entry date 05/25/00] |
| 06/09/00 | 6 | RECEIPT from Central District of California [5:00-cv-20505] (gm) [Entry date 06/13/00] |
| 06/20/00 | 7 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) [Entry date 06/22/00] |
| 02/27/03 | 8 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) |

[END OF DOCKET: 5:00cv20505]



HABEAS, CLOSED, TRANSF

## U.S. District Court
### California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:04-cv-00752-JF
#### Internal Use Only

Bloodsaw v. Woodford et al
Assigned to: Hon. Jeremy Fogel
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/23/04
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Theopric K. Bloodsaw**                    represented by **Theopric K. Bloodsaw**
P20045
D4-CELL 106
California State - LAC
44750 60th St. West
Lancaster, CA 93536-7619
PRO SE

V.

**Defendant**

**J. S. Woodford**

**N. Grannis**

| Filing Date | # | Docket Text |
|---|---|---|
| 02/23/2004 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ TFPP) Filed by Theopric K. Bloodsaw. (lrd, COURT STAFF) (Filed on 2/23/2004) (Entered: 02/27/2004) |
| 02/23/2004 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Theopric K. Bloodsaw. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 02/23/2004 | 3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 03/04/2004 | 4 | ORDER TRANSFERRING CASE to Central District of California. Signed by Judge Jeremy Fogel on 3/4/2004. (gm, COURT STAFF) (Filed on 3/4/2004) (Entered: 03/05/2004) |

1

2

3

4    **Filed**

5    MAR - 4 2004

6    RICHARD W. WIEKING
     CLERK, U.S. DISTRICT COURT
     NORTHERN DISTRICT OF CALIFORNIA
     SAN JOSE

7

8

9    NOT FOR CITATION

10   IN THE UNITED STATES DISTRICT COURT

11   FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13   THEOPRIC K. BLOODSAW,                )    No. C 04-0752 JF (PR)

14          Plaintiff,                    )    ORDER OF TRANSFER

15      vs.                               )

16   J.S. WOODFORD, et al.,               )

17          Defendants.                   )

18   _____    )    (Doc # 2)

19

20       This is a civil rights case brought pro se by a state prisoner. Plaintiff is currently

21   incarcerated at California State Prison - Los Angeles County located in Lancaster,

22   California. Plaintiff claims he is incarcerated illegally by the California Department of

23   Corrections. Plaintiff was convicted in Los Angeles County in 1997. The Court

24   construes Plaintiff's complaint as a petition for a writ of habeas corpus, challenging the

25   legality of his conviction and sentence. Therefore, the instant case will be transferred to

26   the Central District of California, the location of Plaintiff's conviction and his

27   confinement. This case is therefore TRANSFERRED to the United States District Court

28   for the Central District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

Order of Transfer
P:\pro-se\sj.jf\cr.04\Bloodsaw752trans  (PS-1)          1

1  In view of the transfer, the Court will not rule on Plaintiff pending motion for leave to

2  proceed in forma pauperis (doc # 2). The Clerk shall terminate all pending motions and

3  transfer the entire file to the Central District of California.

4       IT IS SO ORDERED.

5  DATED: _____

6                                         JEREMY FOGEL
                                          United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This is to certify that on ___3-4-04___, a copy of this ruling
     was mailed to the following:

2

3    Theopric K. Bloodsaw
     P-20045
4    CSP - Los Angeles
     44570 60th
5    Street West
     Lancaster, CA  93536-7619
6

7

8

9

10

11

12

13,

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEPUTY DAILY WORKSHEET**    11/28/02 0111

STATION: LNX

UNIT: 31A    SHIFT: D   DATE: 11/08/02    0600 - 1400    CLASS: 2    TYPE: P

\# 470671 SATO BRADLEY J                    O/T:           O/T PA:
\# 260296 HOODYE SEAN C                     O/T:

VEH: SD2337    MILES: ( 39824 -> 39845 ) :  21    MOBILE: 15793

SPEC EQP: SG 9 TAZER 4

PORTABLES : 18472                     18473

ARRESTS /FEL-MA:    FA:    MJ:    FJ:    CITS/HZ:    NHZ:    PKG:
        /MSD-MA:    FA:    MJ:    FJ:

PATROL AREA/TIME: 06/252

TIME-SHIFT: 480    TT:9    HDL: 209    WRT:0    PTL:252    UNALLOC: 10    RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0037 | 924B | 0543 |     | 0600? | 0600? | 0700? | 0370 | O | R |  |    | 60 |     |     |

LOC: VEH PREP/BRIEF
CLR: 754  STATION SERVICE: Briefing

| 0056 | 931 | 0715 | 0718 | 0745 | 0745 | 0747 | 0371 | C | P |  | 2 |  |  |  |

LOC: 1358 97TH ST,LA
CLR: 772  Assist CHP
NARR: CHP ON SCENE CODE 4

| 0067 | 927H | 0817 | 0817 | 0821 | 0823 | 0831 | 0373 | 9 | P | 2 | 8 |  |  |  |

LOC: 10910 WILTON PL,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT WANDA FB/A RE: 927H ...NO 927H C-4..

| 0068 | 902R | 0849 | 0849 | 0849 | 0856 | 0915? | 0373 | 9 | E | 7 | 19 |  |  |  |

LOC: 2041 CULLIVAN ST,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT VERCIL FB/A RE: JAMES MARTIN NOT BREATHING. STA 14 ARRVD @TREATED JAMES PRNCD DEAD
      AT 0833HRS JAMES SUFFRED FRM CHRONIC EMPHASYMA.

| 0126 | 925 | 1157 |  | 1150? | 1200? | 1400? | 0372 | O | R |  | 120 |  |  |  |

LOC: CENTURYBL/LA SALLE AV,LA
CLR: 283  WARRANTS: Felony, In County
NARR: CONT THEO MB/A WAS COMBATIVE AGAINST US.CENTURY @ LASALLE STA 814 ARRVD TREATED THEO WE
      WENT TO CENTINELA HOSP FOR INJURIES...

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT · LENNOX STATION 11/28/52

TITLE · NAME        EMPLOYEE NUMBER

49. 47

51

72 73

Unit: 31A          Shift: 2          Shift Date: 11/08/02
/0542* LOGON () ,X,,31A,D,110802,Y,2,0600,1400,470671,,,260296,,,39824,,SD2337,SG 9 TAZER
4,15793,18472,18473,,,,,,,,,,,,,,, <000>
/0542* MDTON (470671) MDT01639 <000>
/0543* ** ASSIGN/D (470671) LNX02312-0037 R/924B VEH PREP/BRIEF <000>
/0543* 10/97 (470671) LNX02312-0037 <000>
/0711* 10/98 (470671) LNX02312-0037 <000>
/0711* CLEAR (470671) ,LNX02312-
0037,,754,,,,,,,,,,0370,,,0600,0600,0700,,,,,,,,,,,,,,,,,,,,, <000>
/0715  ** ASSIGN/D (475469) LNX02312-0056 R/931 1358 97TH ST,LA
/0718* ACK (470671) LNX02312-0056 <000>
/0745* ENR (470671) LNX02312-0056 <000>
/0745* 10/97 (470671) LNX02312-0056 <000>
/0747* 10/98 (470671) LNX02312-0056 <000>
/0748* CLEAR (470671) ,LNX02312-0056,,772,,,,,,CHP ON SCENE CODE
4,,,,0371,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>
/0800* INQ (470671) WANT9,,CA,HAVEN,DENNIS,,,,,,M,B,,,,042371,,,,,,,,,, <000>
/0800  HIT () IW S 470671 MDTO ,CA0190099 ,HAVEN DENNIS , M B ,000 000 042371 000 CA ,
00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N HAVEN DENNIS VANBURE ,M B 122371 600
240 BLK BRO ,LAM4 090502 $1174 ,1611 N SCHAR ST HOLLYWOOD CA ,617471219420 RSTR A3887553
CA ,W M 40508A/VC M ,4000A1X/VC I * ,4RWL898 CA ,  ,
/0802 ACK (297076) HIT
/0813* INQ (470671) WANT9,,CA,BERRY,MARCUS,ANTJUAN,,,,,,M,B,,,,033181,,,,,,,,,, <000>
/0813  HIT () MKE/WANTED PERSON NAM/BERRY,RANDELL LARRY SEX/M RAC/B DOB/19820331 WGT/150
EYE/BRO HAI/BLK OLN/B600730488254 OLS/MI  OFF/DANGEROUS DRUGS
/0813 ACK (195863) HIT
/0815 INQ (195863) VEH,31A,,,,,CA,,1FALP45XXTF145561,,,,,,,,,,,X
/0815 ACK (195863) RESP
/0816 ACK (195863) RESP
/0817  ** ASSIGN/B (475469) LNX02312-0067 P/927H 10910 WILTON PL,LA
/0817* ACK (470671) LNX02312-0067 <000>
/0821* ENR (470671) LNX02312-0067 <000>
/0823* 10/97 (470671) LNX02312-0067 <000>
/0831* 10/98 (470671) LNX02312-0067 <000>
/0842* INQ (470671) VEH,,CA,,,,,1FMZU32EXWZA29284,,,,X <000>
/0849  ** ASSIST/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA
/0849  CHGHDL (475469) LNX02312-0068,31D/D->31A/D
/0849 ACK (409547) LNX02312-0068
/0849* ENR (470671) LNX02312-0068 <000>
/0856* 10/97 (470671) LNX02312-0068 <000>
/0923* INQ (470671) VEH,2HMB760,CA,,,,,,,, <000>
/0927* WANT9,,CA,BLOGSHAW,FLOYD,LEE,,,,,,M,B,,,,062458,,,,,,,,,, <000>
/0928* INQ (470671) WANT9,,CA,BLOODSHAW,FLOYD,LEE,,,,,,M,B,,,,062458,,,,,,,,,, <000>
/0929  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/0929 ACK (277125) HIT
/1024* INQ (470671) WANT9,,CA,BLOODSHAW,THEOPRIC,,,,,,M,B,,,,062457,,,,,,,,,, <000>
/1024  HIT () IW S 470671 MDTO ,CA0190099 ,BLOODSHAW THEOPRIC , M B ,000 000 062457
000 CA ,00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N BLEDSOE WILLIAM T JR ,M X

50
52
53
74

Unit: 31A          Shift: 2        Shift Date: 11/08/02

010454 511 195 BRO BRO ,COM4 082602 $277 ,2358 R 21ST ST SGH CA ,SD10539619800 RSTR
B0306426 CA ,W M 8537/PC M ,640B1/PC M   ,PED CA   ,   ,
/1024  HIT () SEARCH REVEALS: HIT MADE ON NAM/BLOODSHAW,THEOPRIC KENT ** ARMED AND
DANGEROUS **  **ARMED AND DANGEROUS** FELONY WARRANT 5011 PAROLE VIOL
NAM/BLOODSHAW,THEOPRIC KENT 19570624 M B 506 150 BLK BRO POB/LA BAIL/NO BAIL
FCN/7040224901563  NIC/W881192088 ENTERED/CALIF-NCIC  CII/A08953256  FBI/496721PA9
                        IMMEDIATELY CONFIRM WITH CA034035G DEPT OF CORR-
ID/WARRANTS MNE/CRN0  TELEPHONE 916 445-6713   CHECKING NCIC   INQUIRY MADE TO
RESTRAINING ORDER SYSTEM
/1024  HIT () HIT MADE ON NAM/BLOODSHAW,THEOPRIC K HIT # 001 DO NOT ARREST OR DETAIN BASED
    SOLELY ON THIS RESPONSE CDC PAROLE RECORD NAM/BLOODSHAW,THEOPRIC K 19580624 M B 506 150
BRO BLK   OLN/N9672705 HOME CITY/LOS ANGELES PRIMARY OFFENSE/H11350A DISCHARGE
DATE/99999999 AGENCY/CA DEPT OF CORRECTIONS MISC/PRIOR TO RELEASE, CONTACT AGEN T OR ID
WARRANTS AT (916)445-6713 P OSSIBLY AT LARGE MAY BE ADDITIONAL INFO FROM DOJ VCIN AT 916
227-4736 NUMBER OF PRIOR CONTACT MSGS/ 0 SEND CONTACT MESSAGE IDENTIFYING CO
/1024  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/1025   ACK (277125) HIT
/1025   ACK (277125) HIT
/1025   ACK (277125) HIT
/1025   ACK (277125) HIT
/1156* URN REQUEST (470671) X,4,0399,053,CR,S,BLOODSHAW,THEOPRIC,KENT,,M,B,,, <000>
/1157  URN () 402-11595-0399-053
/1157* ** ASSIGN/D (470671) LNX02312-0126 R/925 CENTURYBL/LA SALLE AV,LA <000>
/1157* HOLD (470671) LNX02312-0068 <000>
/1157* 10/97 (470671) LNX02312-0126 <000>
/1157* 10/15 (470671) <000>
/1433* 10/98 (470671) LNX02312-0068 <000>
/1433* CLEAR (470671) ,LNX02312-0068,,212,,,,,,CONT VERCIL FB/A RE: JAMES M,ARTIN NOT
BREATHING. STA 14 ARRV,D @TREATED JAMES PRNCD DEAD AT 0,833HRS JAMES SUFFRED FRM
CHRONIC,EMPHASYMA.,0373,,,,,0915,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1435* CLEAR (470671) ,LNX02312-0067,,212,,,,,,CONT WANDA FB/A RE: 927H ...,NO 927H C-
4.,,,,0373,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1440* 10/98 (470671) LNX02312-0126 <000>
/1440* CLEAR (470671) ,LNX02312-0126,,283,,,,,,CONT THEO MB/A WAS COMBATIVE,AGAINST
US.CENTURY @ LASALLE ST,A 814 ARRVD TREATED THEO WE WENT,TO CENTINELA HOSP FOR
INJURIES.,,,0372,00,,1150,1200,1400,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1442* CHGENDMILES (470671) 000000 -> 39845 <000>
/1442* CHGPATROL (470671) /000 -> 06/252 <000>
/1442* LOGOFF (470671) <000>
/1442* MDTOFF (470671) <000>

75 &    ! .
53

*Discovery 2*

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*



I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER YA053506, CONSISTS OF 3 COUNT(S).

Executed at INGLEWOOD, County of Los Angeles, on November 13, 2002.

_____

DECLARANT AND COMPLAINANT

...................................................................................................................................................

STEVE COOLEY, DISTRICT ATTORNEY

BY: _____

VICTORIA L. ADAMS, DEPUTY

AGENCY: LASD - LENNOX PATROL      I/O: MARK DET. RENFROW      ID NO.: 274578      PHONE : 310-671-7531

DR NO.: 402-11595-0399-053      OPERATOR: DCS      PRELIM. TIME EST.: 2 HOUR(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| BLOODSAW, THEOPRIC KENT | 008953256 | 6/24/1957 | 7475221 | $220,000 | 11/13/2002 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

FELONY COMPLAINT

**FELONY COMPLAINT – ORDER HOLDING TO ANSWER – P.C. SECTION 872**

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

THEOPRIC KENT BLOODSAW

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | | |
| 2 | PC 243(c)(2) | 16-2-3 | | |
| 3 | PC 422 | 16-2-3 | | |
| | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | PC 667(a)(1) | +5 yrs per prior |
| | | | PC 667.5(b) | +1 yr. per prior |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

THEOPRIC KENT BLOODSAW                    _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given.  Date of arraignment in Superior Court will be:

THEOPRIC KENT BLOODSAW                    _____ in Dept _____

at: _____ A.M.

Date: _____

_____

*Committing Magistrate*

*FELONY COMPLAINT*

*HE #52*
*#4 54 #78*
*56*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

01 THEOPRIC KENT BLOODSAW (6/24/1957) (Bk# 7475221),
 aka JONATHON BLEDSOE,
 aka KENT THEOPRIC,
 aka LARRY BOWMAN,
 aka MARK BLOODSAW,
 aka THEO BLOODSAW,
 aka THEOPRIC BLOODSHAW,
 aka THEOPRIC BLOODSOE

Defendant(s).

CASE NO. YA053506

*I N F O R M A T I O N*

Arraignment Hearing
Date: 12/18/2002
Department: SW G

## INFORMATION
## SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d) <br> PC 667(a)(1) <br> PC 667.5(b) | MSP Check Code <br> +5 yrs per prior <br> +1 yr. per prior |
| 2 | PC 243(c)(2) | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d) <br> PC 667(a)(1) <br> PC 667.5(b) | MSP Check Code <br> +5 yrs per prior <br> +1 yr. per prior |
| 3 | PC 422 | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d) <br> PC 667.5(b) | MSP Check Code <br> +1 yr. per prior |

The District Attorney of the County of Los Angeles, by this Information alleges that:

COUNT 1

On or about November 8, 2002, in the County of Los Angeles, the crime of ASSAULT UPON

PEACE OFFICER OR FIREFIGHTER, in violation of PENAL CODE SECTION 245(c), a Felony, was

committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully commit an assault with

a deadly weapon and instrument and by force likely to produce great bodily injury upon the person of

DEP. SEAN HOODYE when said defendant(s), THEOPRIC KENT BLOODSAW knew and should have

known that said person was a peace officer then and there engaged in the performance of his/her duties .

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal

Code section 296.  Willful refusal to provide the specimens and samples is a crime."

\* \* \* \* \*

COUNT 2

On or about November 8, 2002, in the County of Los Angeles, the crime of BATTERY WITH

INJURY ON A PEACE OFFICER, in violation of PENAL CODE SECTION 243(c)(2), a Felony, was

committed by THEOPRIC KENT BLOODSAW, who did unlawfully use force and violence and inflict an

injury upon the person of DEP. BRAD SATO when said defendant(s), THEOPRIC KENT BLOODSAW

knew and reasonably should have known that said person was a peace officer then and there engaged in

the performance of duty.

"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal

Code section 296.  Willful refusal to provide the specimens and samples is a crime."

\* \* \* \* \*

COUNT 3

On or about November 8, 2002, in the County of Los Angeles, the crime of CRIMINAL THREATS, in violation of PENAL CODE SECTION 422, a Felony, was committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to DEP. SEAN HOODYE, with the specific intent that the statement be taken as a threat.   It is further alleged that the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to DEP. SEAN HOODYE a gravity of purpose and an immediate prospect of execution.   It is further alleged that the said DEP. SEAN HOODYE was reasonably in sustained fear of his/her safety and the safety of his/her immediate family.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and  667(b) through (i) as to count(s) 1, 2, and 3 that said defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):



| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

* * * * *

THIS INFORMATION CONSISTS OF 3 COUNT(S).

STEVE COOLEY
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____
LAURIE BLAUSTEIN
DEPUTY DISTRICT ATTORNEY

Filed in Superior Court,
County of Los Angeles

/DCS

DATED: _____

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

INMATE'S COPY

```
---------------------------------------------------------------
 CDC NUMBER   | NAME                          | ETHNIC |   BIRTHDATE
  P20045      | BLOODSAW,THEOPRIC,KENT        | BLA    |  06/24/1958
---------------------------------------------------------------
 TERM STARTS  | MAX REL DATE   MIN REL DATE  MAX ADJ REL DT | MIN ADJ REL DT
  06/11/2003  | 11/27/2023     11/24/2019    11/27/2023 CR  | 11/24/2019 CR
---------------------------------------------------------------
                                              | PAROLE PERIOD
BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04  | 3 YRS
---------------------------------------------------------------

PRE-PRISON + POST SENTENCE CREDITS
CASE      P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT
---------------------------------------------------------------
YA053506    185                             92                  28    305

REGISTRATION REQUIRED PER H11590
PC296 DNA COMPLETED


---------------------------------------------------------------
 RECV DT/ COUNTY/   CASE    SENTENCE DATE              CREDIT    OFFENSE
  CNT       OFF-CODE DESCRIPTION                       CODE        DATE
---------------------------------------------------------------
CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
6/11/2003  LA   YA053506      5/13/2003  NO STRIKES: 2
                01 P667.5(B) PPT-NV                      3
                01 P667(A)   01 PFC SERIOUS              3
  01 P245(C)  ADW ON PO OR FIREMAN                       3    11/08/2002
              (U)WPN
  02 P243(C)(2) BATT ON PO                       CS      3    11/08/2002
              (U)WPN
  03 P422     TERRORIST THREAT                   CS      3    11/08/2002
  04 P203     MAYHEM                             CS      3    11/08/2002
              ATT
  05 P203     MAYHEM                             CS      3    11/08/2002
              ATT

NON-CONTROLLING OFFENSES:
11/24/1998  LA    YA034031     11/16/1998
  01 H11350A    POSS CONTROL/SUB                         1    08/15/1997
              PR


---------------------------------------------------------------
TRAN                          RULE        D A Y S
TYPE    DATE   END DATE LOG NUMBER   NUMBER ASSESS LOST REST DEAD
---------------------------------------------------------------
BEG 11/24/1998            ******BEG BAL*******
ADD 06/11/2003            YA053506
BCL 10/23/2003            IV3100472 3062(H)        30    30
ADD 06/11/2003            YA053506
    CURRENT PC BALANCE:     0         CURRENT BC BALANCE:   1464

        ****** CONTINUED ******
```

| CDC NUMBER | NAME |
|------------|------|
| P20045 | BLOODSAW, THEOPRIC, KENT |

INMATE'S COPY

# EXHIBIT



C

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 12/91)

| | | | | | | |
|---|---|---|---|---|---|---|
| NO: P-20045 | | NAME: BLOODSAW, Theopric | | | HSG: A2-109L | |
| Custody: CLO BS | CS: 87 (IV) | C/C EFF 8/3/05 | | Assignment: U/A | | |
| RelDate: EPRD 12/24/19 | Reclass: 6/2006 | | | Action: AFFIX "S" SUFFIX; RETAIN C/C | | |

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C. Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.** S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON: D. SWEARINGEN/FC(A)          S. WALCH/CCII(A)          RECORDER: M. THORNTON/CCI

CC: ☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐C&PR ☐OTHER _____          ☒128-C2 in C-file
Committee Date: 10/18/05          (THORNTON/jw)          Classification          FAC-A   UCC/REVIEW          Inst: PBSP

*orig.*

CDC 128G (Rev. 12/91)

NO: P-20045    NAME: BLOODSAW, Theopric      Housing: B8-209

Custody: CLO BS    CS: 93 (IV)    C/C Eff. 07/14/04      Assignment: VUN

RelDate: EPRD 12/24/2019     Reclass: 10/25/06      **Action:**   **PLACE IN BMU PROGRAM FOR 90 DAYS, ON STEP 1 OF ITP FOR 30 DAYS. CONTINUE C/C EFFECTIVE 07/14/06.**

Inmate Bloodsaw appeared before PBSP FAC B BMU UCC on this date for Annual/Initial Review. Committee notes CDC 128C, Madrid Exclusionary chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee, Correctional Counselor I Webster was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: most current RGPL under 4.0. Committee notes S has an RGPL of 3.3. Effective communication was achieved using short sentences and simple English, and S appeared to understand. Committee notes S's reason for Behavior Modification Unit (BMU) placement is due to: S was deemed a program failure defined by the CCR, Title 15, Section 3000. S is determined to be compatible with another inmate and refuses to voluntarily double cell, or refuses to participate in the racial integration policy as defined in the Johnson v. State of California settlement agreement. UCC notes latest RVR dated 03/28/05 for Refusal to Obey Orders (refused a cellmate). The Director's rules, PBSP expectations, and specific privileges and non-privileges of WG/PG C/C were thoroughly explained. Grooming standards and PBSP expectations were discussed and S stated he was willing to comply. Committee notes S has one new 115 this review period; fro Refusal to Obey Orders dated 02/23/06 (S refused to return to his assigned cell). Placement score is increased by 2 points to a current Level IV score of 93 points. Mandatory score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. Committee noted S has no cellmate, and the "S" suffix has previously been applied. S is approved for 270 design facilities. There have been changes in S's commitment case factors since Initial Classification chrono dated 03/02/04. **Committee acts to place S into the BMU program for 90 days and place on step # 1 of Individual Treatment Plan (ITP) for 30 days. S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. Continue WG/PG C/C status effective 07/14/06, and continue at CLO BS custody. Committee also acts to retain "S" suffix due to UCC action dated 10/18/05. S adamantly refused to double cell. UCC notes S is reviewed and cleared for double celling although he refused to double cell.** S participated, acknowledged understanding, and disagreed with Committee action, stating "I won't take a cellie because of legal work and medical issues. I am here illegally. I am disabled, I have spine issues." UCC stated single cell status is not a ADA issue. S continued stating, "There is nothing wrong with me. I know what I am doing, but I am disabled. I could not care about the US." UCC stated you have to appeal to the courts. S lastly stated "I have been discriminated against as a Black man." UCC notes S walked unassisted to UCC, sat upright, straddling a chair, and did not grimace when he stood back up to exit the Committee room. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal. The inmate has been advised that any appeal of this committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128-G classification chrono or not. Next scheduled Committee will be on 10/25/06 for Program Review.

CHAIRPERSON: M. FOSS/AC     J. ROBERTSON/CCII     S. ROBERTS/EDUCATION     RECORDER: D. MELTON /CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: 09/21/06    (MELTON/ew)     Classification     FAC-B BMU UCC     INITIAL REVIEW     Inst: PBSP

NO: P-20045    NAME: BLOODSAW, Theopric    Housing: B8-209
Custody: CLO B    CS: 93 (IV)    C/C Eff. 07/14/04    Assignment: BMU
RelDate: EPRD 12/24/2019    Reclass: 01/03/07

**Action: REAFFIRM PLACEMENT IN BMU FOR 90 DAYS. RETAIN ON STEP# 1 OF ITP. CONTINUE C/C EFFECTIVE 07/14/04. D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for Program Review. Committee notes CDC 128C, Madrid Exclusionary, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee Correctional Officer Thorn was assigned as a staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Committee notes S has a RGPL of 3.3. Effective communication was achieved using short sentences and simple English and S appeared to understand. Committee notes that S has received disciplinaries dated 10/17/06, 11/14/06, 11/16/06, and 11/21/06, for Refusing to Attend BMU Classes. S additionally received a 128A dated 10/25/06 for Refusing to Accept a Cellie during this 30 day review. Placement score is a current Level IV score of 93 points. Mandatory minimum score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. S is approved for 270 design facilities. **Committee acts to reaffirm S in the BMU program for 90 days and retain on Step # 1 of Individual Treatment Plan (ITP) for 30 days based on S's nonparticipation in the required BMU classes and not remaining disciplinary free. Committee also acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody. S was reviewed and cleared for double celling.** S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. S participated in Committee, acknowledged understanding and disagreed with Committee action, stating "What about my 602's. I will see you all in Court." UCC explained that his appeals were being processed and that he needed to follow the BMU program requirements to be released to the general population. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, Classification chrono, or not. Next scheduled Committee will be on 01/03/07 for Program Review. Next scheduled Annual Committee will be in 06/2007.

CHAIRPERSON: J. BELL/FC (A)    S. WALCH/CCII    S. ROBERTS/EDUCATION    RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date:  11/29/06    (MELTON/ew)    Classification    **BMU/UCC**    PROGRAM REVIEW    Inst: PBSP

Orig.

NO: P-20045          NAME: BLOODSAW, Theopric          BED/CELL: B8 –209
Custody: CLO B          CS: 93 (IV)          C/C EFF: 07/14/04          Assignment: BMU
RelDate: EPRD 12/24/2019          Reclass: 01/31/07          Action: **REAFFIRM BMU PLACEMENT. RETAIN STEP # 1 OF ITP FOR 30 DAYS. CONTINUE WG/PG C/C EFFECTIVE 07/14/04. D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has RGPL of 3.3. Committee notes S has RGPL of 3.5. Prior to Committee Correctional Officer Thom was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Effective communication was achieved using short sentences and simple English, and S appeared to understand. S was advised to notify staff immediately of any enemy situation that may arise. Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed. S can be housed with Black ethnic groups. Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period. S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2. **Step # 1 Privileges** include, but are not limited to:

❖ WG/PG C/C status.

❖ Emergency telephone call only.

❖ One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

❖ A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

❖ Non-contact visits, if eligible; and with approved visitors only.

❖ If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.** S was reviewed and cleared for double celling, noting no history of in-cell violence. S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "I am nobody's child. I am 48 years old. I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP). S's case will be reviewed by UCC, in approximately 30 days for future program modifications. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 has been complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not. Next scheduled 30 day Program Review will be on 01/31/07. Next scheduled Annual Review will be in 06/07.


CHAIRPERSON: J. ROBERTSON/FC (A)          J. BROWMAN/CCII (A)          S. ROBERTS/EDUCATION          RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07          (MELTON/ew)          Classification          **BMU/UCC**          **PROGRAM REVIEW**          Inst: PBSP

| | | |
|---|---|---|
| CDCR#: P-20045 | NAME: BLOODSAW, Theopric | Housing: B8-209L |
| Custody: CLOB | CS: 93 (IV)    C/C Eff. 07/14/04 | Assignment: BMU STEP #1 |
| Rel Date: EPRD 12/24/2019 | Reclass: 02/27/07 | Action: **REAFFIRM BMU PLACEMENT** |

**Action:  REAFFIRM BMU PLACEMENT
90 DAYS. RETAIN ON STEP # 1
30 DAYS. CONTINUE  WG/PG
C/C EFF. 07/14/04.   D/C CLEAR**

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review.  Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File and is clear indicating no NCF.  Committee notes S has an RGPL of 3.3.  Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less. S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed.  S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie. Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied. S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.** Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations.  S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07.  Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2.  **Step # 1 Privileges include, but are not limited to:**

- ❖  WG/PG, C/C status for approximately 30 days.

- ❖  Emergency telephone calls only.

- ❖  One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

- ❖  A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

- ❖  Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days.  Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody. S was reviewed and cleared for double-celling, noting no history of in-cell violence.**  S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP).  S's case will be reviewed in approximately 30 days to establish future program modifications.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with.  S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand.  Next 30 day Program Review will be on 02/27/07.  Next Annual Review in 06/07.

**CHAIRPERSON:   M. FOSS/AC        J. ROBERTSON/CCI I     S. ROBERTS/EDUCATION     RECORDER: D. MELTON/CCI**

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

| | | | | |
|---|---|---|---|---|
| Committee Date: **01/30/07**    (MELTON) | Classification | **BMU/UCC** | **PROGRAM REVIEW** | Inst: **PBSP** |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| NO: | P-20045 | NAME  BLOODSAW, THEOPRIC | | | | | HSG:      ASU E1 |
| Custody: | MAX | PS:  119 | Level:  IV | WG/PG:  D1/D | EFF:  09/13/07 | Assignment: | ASU MERD 04/12/08 |

Rel Date:  EPRD 09/'02/202'  Reclass:  03/05/2008  Action:  FORFEIT 90-DAYS GCC MAX, MERD 04/12/08; REFER TO CSR RX TX EXTENSION
BPH Rev:  0                                                    TO PBSP SHU

**RECOMMENDED ACTION:**  Refer to CSR recommending transfer extension to PBSP-SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:**  Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

**ADMINISTRATIVE PLACEMENT DUE PROCESS:**

**DISCUSSION:**  Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer.  Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a **MAX MERD 04/12/08.**  Committee also notes the transfer for PBSP SHU will expire on 12/07/07.  **STAFF ASSISTANCE:**  More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA.  The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:**  ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care.  S does not meet PBSP-SHU exclusionary criteria.

**DA ACTION:**  N/A

**CELL STATUS:**  S is cleared for double celling.

**YARD STATUS:  Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.**

**COMMITTEE ACTION:**  Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU.  This is an adverse transfer.  Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

**INMATE COMMENTS:**  Did not appear.

**APPEAL RIGHTS:**  As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    E. JACQUEZ/CDW                                          RECORDER:      S. O'DELL/CCII

COMMITTEE MEMBERS:      M. FOSS/CAPT.              J. PASCOE/PHD

DATE:      12/05/2007              **ASU INSTITUTIONAL CLASSIFICATION COMMITTEE**              Inst.: PBSP

*orig.*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| NO: | P-20045 | NAME: BLOODSAW, THEOPRIC | | | | | HSG: | ASU E1 |

Custody:  MAX      PS: 133    Level: IV    WG/PG: D1/D    EFF: 09/13/2007  Assignment:  ASU MERD 04/12/2008

Rel Date:  EPRD 12/01/2021  Reclass:  06/12/2008   Action:  RETAIN SHU INDET STATUS UPON EXPIRATION OF MERD; REFER TO CSR RX

BPH Rev:  0                                             TX PBSP/COR SHU

**RECOMMENDED ACTION:  Retain in SHU indeterminate status upon expiration of MERD. Refer to CSR recommending transfer PBSP/COR SHU.**

**ADMINISTRATIVE PLACEMENT FACTORS:**  Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Pre-MERD Review. Pursuant to CCR 3336 the Reason for Placement (Part A) is:  S is serving a determinate SHU term due to RVR 04/12/07, Battery on a Peace Officer, with a MERD of 04/12/2008.

**DISCUSSION:**  Committee notes S is endorsed for transfer to PBSP SHU.  Due to the lack of SHU bedspace S has remained in ASU on Active MERD. Committee reviewed S's disciplinary history which includes two RVR's that resulted in determinate SHU terms.  S has been found guilty of RVR's dated 08/11/99, Attempted Battery on a Peace Officer, 04/12/07, Battery on a Peace Officer 12/19/07, Indecent Exposure and numerous RVR's for recurring Failure to Meet Program/Work Expectations.  Committee views S's refusal to appear at ICC for his Pre-MERD Review, as another example of his refusal to program.   Committee deems S's presence in GP poses an unacceptable risk to the safety of others and the security of the institution. **Committee acts to retain S on SHU Indeterminate status upon expiration of MERD.**

**STAFF ASSISTANCE:**  More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA.  The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:**  ICC notes CDCR 128-C, dated 06/27/01, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** N/A

**CELL STATUS:**  S is cleared for double celling.

**YARD STATUS:**  Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:  Committee acts to refer this case to the CSR with recommendation for transfer to PBSP, with alternate of COR, for SHU placement. This is an adverse transfer. Upon transfer, S's custody will be MAX; WG/PG D1/D effective 09/13/07 and single cell housing will not be required.**

**INMATE COMMENTS:** N/A

**APPEAL RIGHTS:**  As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:      F. JACQUEZ/CDW                              RECORDER:        S. O'DELL/CCII

COMMITTEE MEMBERS:      R. BELL/FC                    J. PASCOE/PHD

DATE:      03/12/2008                    ASU INSTITUTIONAL CLASSIFICATION COMMITTEE                    Inst.: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | |
|---|---|---|
| NO: P-20045 | NAME: BLOODSAW, THEOPRIC | HSG: ASU F12  B8 113 |
| Custody: CLO-B | PS: 133   Level: IV   WG/PG: A2/B   EFF: 04/13/08   Assignment: SS, FS W/L | |
| Rel Date: EPRD 12/01/2021 | Reclass: 04/25/08   Action: ASSESS/SUSPEND 6-MONTH SHU TERM RVR 12/19/07; REFER TO CSR | |
| BPH Rev: NA | AUDIT/REVIEW; RELEASE PBSP-IV B FAC ESTABLISH CLO-B CUSTODY WG/PG | |
| | A2/B EFF 04/13/08; FS, SS W/L; REFER BMU REVIEW | |

**RECOMMENDED ACTION:** Refer to CSR for audit/review.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Subsequent Review. Committee notes S currently housed in ASU without being issued a CDCR 114-D.

**DISCUSSION:** S was previously housed at PBSP SHU serving a determinate SHU term due to an RVR dated 04/12/07, Battery on a Peace Officer. At the expiration of a 04/12/08 MERD, S was moved to ASU. Committee notes a CSR action dated 03/25/08 referred the case to the CDW. The CSR noted an RVR dated 12/19/07, for Indecent Exposure had not been assessed a SHU term as required per the CSRs. Committee also notes ICC action dated 03/12/08 retained S on Indeterminate status due to S's disciplinary history. **ICC acts to rescind ICC action dated 03/12/08. C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. This offense warrants a SHU term; therefore Committee acts to assess a 6-month concurrent SHU term and refer to CSR for audit and review.** No aggravating factors were noted. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied. **Suspended MERD for this offense is 05/04/08.**

**STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes CDCR 128-C, dated 04/02/08, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** NA

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** GP

**COMMITTEE ACTION:** Release to the GP on FAC-B only. C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. **This offense warrants a SHU term; therefore Committee acts to assess and suspend a 6-month concurrent midrange SHU term for Indecent Exposure. MERD for this offense is 05/04/08.** No aggravating nor mitigating factors were noted. Refer to CSR for audit and review. S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied.

Refer for BMU placement, establish CLO-B custody, and WG/PG A2/B, effective 04/13/08, and place on the SS, FS waiting lists.

**INMATE COMMENTS:** NA

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:   M. COOK/CDW(A)

RECORDER:   S. O'DELL/CCII

COMMITTEE MEMBERS:   R. BELL/FC        C. GLINES/PHD

DATE:   04/16/2008        ASU INSTITUTIONAL CLASSIFICATION COMMITTEE        Inst.: PBSP

| NO: P-20045 | Name: BLOODSAW, Theopric | PS: 133 | Level: IV | Custody: CLO B | Housing: B8-127 (13) |
|---|---|---|---|---|---|
| Rel Date: ERPD 12/01/20217 | WG/PG: A2C Eff. 04/29/08 | MHS: GP | RGPL: 3.3 | Assignment: BMU STEP # 1 | |
| BPH Rev. N/A | Action: SUBSEQUENTLY PLACE INTO BMU 180 DAYS.  PLACE ON STEP # 1 OF ITP 60 DAYS. | | | | |
| Reclass: 05/27/08 | ESTABLISH WG/PG A2C STATUS, EFF. 04/29/08. P/O VUN WL.  D/C CLEAR. | | | | |

**BMU Placement Factors:** Inmate **Bloodsaw** refused to appear and was reviewed in absentia before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for Initial Placement Review.  S was released from the ASU based on ICC action dated 04/16/08, after serving an 18 month SHU term for the specific charges of Battery on a Peace Officer dated 04/12/07 and Indecent Exposure dated 12/19/07, with a suspended MERD of 05/04/08.  UCC further notes prior to S being housed in ASU he was in the BMU program.  Inmates previously placed into the BMU program and subsequently return, will be required to complete each of the steps of his Individual Treatment Plan (ITP) doubled; i.e. each step will be approximately 60 days in length, per BMU Operational Procedure # 225.  Based on this information UCC is in mutual agreement that S meets Subsequent BMU placement criteria based on: **S committed a SHUable offense per the CDR, Title 15, Section, 3341.5.** S is advised, via this chrono, of his Individual Treatment Plan (ITP), the reason for his placement , and that he will be designated WG/PG A2C status for approximately 120 days, effective the date of placement.  S is further advised, via this chrono, that graduation to succeeding steps is entirely based upon his positive performance; therefore, he must remain disciplinary free and participate to the best of his ability in the program assigned to him in his ITP, as stated in BMU OP # 225.  Committee further notes that S was provided with a copy of the BMU Step Process, Privileges, and Expectations Worksheet at the conclusion of UCC.

**Staff Assistance:** Committee notes CDC 128C, dated 04/02/08, noting S is not a participant in the MHSDS.  DDP Review: 128C-2 in Central File, and is clear noting NCF.  Committee notes that S has a RGPL of 3.3.  Prior to Committee, Correctional Officer Thom was assigned as a staff assistant, interviewed S at least 24 hours prior to Committee per the CCR, Section 3315 (d)(2)(A), and was present during Committee.  The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less.

**Cell Status:** S agrees with his current double cell status and can be housed with Black ethnic groups.  Committee notes that S has no current cellmate.

**Committee Notes:** S is advised, via this chrono, to notify staff immediately of any enemy situation that may arise.  S is approved for 180' design facilities due to: Code A1 (SHU placement during the past three years).  Current placement score is noted to be 133 Level IV points.

**Committee Action:** Subsequently place into the BMU Program for 180 days and place on Step # 1 of his ITP for 60 days.  Establish WG/PG, A2C status, effective 04/29/08, place on VUN waiting list, and continue at CLO B custody level.  S was reviewed and cleared for double-celling noting no history of violence.

**Appeal rights:** S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 complied with.  S is advised, via this chrono, of Committee's decision and his right to appeal.  The staff assistant will meet with S following Committee, to ensure S understands this Committee action.  Next scheduled Annual Review will be in 06/08.

CHAIRPERSON:  K. R. CRUSE/FC. (A)

RECORDER: D. MELTON/CCI

COMMITTEE MEMBERS: S. HERNANDEZ/EDUCATION

| Committee Date: 04/29/08 | Classification:  Facility B BMU/UCC | PROGRAM REVIEW | Inst:  PBSP |

| NO: P-20045 | Name: BLOODSAW, Theopric | PS: 137 | Level: IV | Custody: CLO B | Housing: B8-113 |
|---|---|---|---|---|---|
| Rel Date: EPRD 06/30/2021 | WG/PG: C/C Eff. 05/28/08 | MHS: GP | RGPL: 3.3 | Assignment: VUN | |
| BPH Rev. N/A | Action: REJECT FROM BMU PROGRAM. DEEM PROGRAM FAILURE. ESTABLISH WG/PG C/C, STATUS, EFF. 05/28/08. P/O VUN. D/C CLEAR. | | | | |
| Reclass: 06/08 | | | | | |

**BMU Placement Factors:** Inmate **Bloodsaw** refused to appear and was reviewed in absentia by PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for Program/Annual Review. S was initially placed into the BMU program on 04/29/08, based on: **S committed a SHUable offense per the CCR, Title 15, Section, 3341.5.** Committee notes that since S's prior 30 Day Program Review, he has not remained disciplinary free and has not participated in any of the required educational classes of his Individual Treatment Plan (ITP). UCC notes S received RVR dated 05/15/08, for Recurring Failure to Meet Program Expectations, and 128A dated 05/15/08, for Refusing to Double Cell. Based on this information, UCC is in mutual agreement that S has not met the requirements of Step # 1, and therefore, is not eligible to graduate to the next 30 day increment of Step # 1, due to S is a Subsequent BMU placement and requires 60 days in each step of his ITP. UCC further notes that S has failed to successfully progress in the step process of his ITP; therefore, based on this above information, UCC elects to deem S a Program Failure and reject him from the BMU program. S was informed via the staff assistant, that he must submit a written request after 30 days of being disciplinary free, to the BMU CCI for readmission consideration and shall be reviewed by UCC, per OP # 225.

**Staff Assistance:** Committee notes CDC 128C, dated 03/12/08, noting S is not a participant in the MHSDS. DDP Review: 128C-2 in Central File, and is clear noting NCF. Committee notes that S has a RGPL of 3.3. Prior to Committee, Correctional Officer Thom was assigned as a staff assistant, interviewed S at least 24 hours prior to Committee per the CCR, Section 3315 (d)(2)(A), and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Effective communication was achieved, via the staff assistant, using short sentences and simple English, and S appeared to understand.

**Cell Status:** S states he can be housed with Black ethnic groups. Committee notes S has no current cellmate.

**Committee Notes:** S is approved for 180' design facilities due to: Code A1 (SHU placement during the past three years). Current placement score is noted to be 137 Level IV points, based on S received one (1) Rules Violation Report; which increased his score by 4 points during this annual review period.

**Committee Action:** Reject from the BMU Program and deem a Program Failure. Establish WG/PG, C/C status effective 05/28/08, place on the VUN waiting lists, and continue at CLO B custody level. S was reviewed and cleared for double-celling, noting no history of in-cell violence

**Appeal rights:** S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal via the staff assistant, at the conclusion of UCC, and appeared to understand. Next scheduled Annual Review will be in 06/09.

CHAIRPERSON: R. K. BELL/FC.                                    RECORDER: D. MELTON/CCI

COMMITTEE MEMBERS: M. THORNTON/CCII (A)

| Committee Date: 05/28/08 | Classification: Facility B BMU/UCC | PROGRAM REVIEW | Inst: PBSP |
|---|---|---|---|

State of California
Department of Corrections and Rehabilitation
CDCR 128B

NAME: BLOODSAW, Theopric   NUMBER: P20045   HOUSING: B8-131L

*Subject's case has been reviewed by the Behavior Modification Unit (BMU) Staff. Based upon this review the following actions have been taken, and are effective upon this date.

SUBSEQUENT 180 DAYS

BMU PLACEMENT CRITERIA= Stabable Offense

[X] INITIAL PLACEMENT
[ ] PLACE BACK TO _____   [ ] RETAIN CURRENT STEP   [ ] RETURN TO PREVIOUS STEP   [ ] GRADUATE TO NEXT STEP

| [X] STEP #1 | [ ] STEP #2 | [ ] STEP #3 |
|---|---|---|
| *Privilege Group C status | *Privilege Group C status | *Privilege Group B status |
| (Consistent with CCR Section, 3044) | (Consistent with CCR Section, 3044) | (Consistent with CCR Section, 3044) |
| *Emergency telephone calls only | *One telephone call per month | *One telephone call per month |
| *¼ Canteen draw, $45.00 | *¼ Canteen draw, $45.00 | *½ Canteen draw, $90.00 |
| *Non-contact visits, if eligible | *Non-contact visits, if eligible | *BMU ½ Time Position |
|  |  | *Contact visits, if eligible |

Celling status
[X] Double cell approved
[ ] Single cell only

Ethnicity:
[ ] W  [X] B  [ ] Other
[ ] N HISP  [ ] S HISP

Gang affiliation: Crip

Aka: "T" "Theo"

Enemies Reviewed By:   D. MELTON, CCI

ENEMY CONCERNS: [ ] NONE  [X] NONE AT PBSP  [ ] NOTED AS FOLLOWS: _____

DISTRIBUTION:
    ORIGINAL: C-File
    CC: AWC File
        Inmate

_Dmelton  CCI_
B Facility, BMU-CCI

DATE: 4/29/08   PBSP BMU PROGRAM STATUS CHRONO

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 128 B

NAME: Bloodsaw    NUMBER: P20045    HOUSING: B8-131L

## *BEHAVIOR MODIFICATION UNIT (BMU) STEP PROCESS / PRIVILEGES AND EXPECTATONS*

**\*STEP #1**: Initial Placement: PG / C status for approximately 60 days (Consistent with CCR, Title 15, Section 3044):

1. For a minimum of 90 days or 180 days, if Subsequent Placement, beginning the date of the Committee action.
2. Authorized emergency telephone calls only.
3. One-quarter monthly canteen allowance; draw not to exceed $45.00.
4. Non-contact visits, if eligible.
5. If the inmate meets the goals of the Individual Treatment Plan (ITP), he will graduate to Step 2.

**\*STEP #2**: Privilege Group C status for approximately 30 days (Consistent with CCR, Title 15, Section 3044):

1. One telephone call per month.
2. One-quarter monthly canteen allowance; draw not to exceed $45.00.
3. Non-contact visits, if eligible.
4. If the inmate meets the goals of the ITP, he will graduate to Step 3.

**\*STEP #3**: Privilege Group B status for approximately 30 days (Consistent with CCR, Title 15, Section 3044):

1. Inmate is eligible for a job within the BMU only. As enough jobs can be provided and encouraged success, these porter and barber jobs may be designated half-time positions.
2. One telephone call per month.
3. One-half monthly canteen allowance; draw not to exceed $90.00.
4. Contact visits, if eligible.
5. If the inmate meets the goals of the ITP, he will graduate to Step 4, and be released to the General Population.

**\*STEP #4**: Upon completion of the Individual Treatment Plan (ITP), inmates will be returned to traditional General Population (GP) housing, upon bed availability.

Graduation to succeeding ITP Steps is entirely based upon the inmate's positive performance. Specifically: The inmate must remain disciplinary free, (including any 128 A Counseling Chrono's), maintain grooming standards, and participate to the best of his ability in the programs assigned to him in his Individual Treatment Plan (ITP). The above mentioned Step increases shall be documented on a CDCR, Form 128-B Informational Chrono by the appropriate BMU staff, only if said action is non-adverse, per Operational Procedure #225.

## D. MELTON, CCI

Behavior Modification Unit Counselor

cc:    C-File
       CC-I
       Inmate

| *I acknowledge receipt of the Step Process, Privilege Restrictions, and Graduation Requirements: | (A) Refused to attend    4/29/08 |
|---|---|
| | Inmate's Signature                    Date |

# 23 . 29 / 6

NAME: **Bloodsaw**    NUMBER: **P20045**    HOUSING: **B8-131L**

## *BEHAVIOR MODIFICATION UNIT (BMU) STEP PROCESS / PRIVELEGES AND EXPECTATONS:*

### *STEP #1: Initial Placement:Work Group/Privilege Group C/C status for approximately 30days:

1. Authorized emergency telephone calls only.
2. One-quarter monthly canteen draw allowance, not to exceed $45.00.
3. A minimum of ten hours of out-of-cell time per week, which includes dayroom, workshops, and self-help group activities, as limited by physical design and local institution security and facility needs.
4. Out -of-cell time limited to contact with BMU inmates only.
5. Non-contact visits, if eligible.
6. If the inmate meets the goals of the Individual Treatment Plan (ITP), he will graduate to Step 2.

### *STEP #2: Work Group / Privilege Group C/C status / for approximately 30 days:

1. One telephone call per month.
2. One-half monthly canteen draw allowance, not to exceed $90.00.
3. A minimum or ten hours out-of-cell time per week, which includes dayroom workshops, and self-help group activities, as limited by physical design and local institution security and facility needs.
4. Non-contact visits, if eligible.
5. If the inmate meets the goals of the ITP, he will graduate to Step 3.

### *STEP #3: Work Group / Privilege Group B/B status /for approximately 30 days:

1. Inmate is eligible for a job within the BMU only. As enough jobs can be provided and encouraged success, these porter and barber jobs may be designated half-time positions
2. One telephone call per month
3. One-half monthly canteen draw allowance, not to exceed $90.00.
4. A minimum of ten hours out-of-cell time per week, which includes **yard**, dayroom, workshops, and self-help group activities, as limited by local institution security and facility needs.
5. Contact visits, if eligible.
6. If the inmate meets the goals of the ITP, he will graduate to Step 4.

### *STEP #4: Upon completion of the Individual Treatment Plan (ITP), inmates will be re-housed into alternate General Population (GP) housing, upon bed availability.

Graduation to succeeding steps is entirely based upon the inmate's positive performance. Specifically: The inmate must remain disciplinary free, (including any 128 A Counseling Chronos), maintain grooming standards, and participate to the best of the inmates ability in the programs assigned to him in his Individual Treatment Plan (ITP).

Reference: Operational Procedure #225/BMU

## D. MELTON, CCI

Behavior Modification Unit Committee Member

cc:    CC-I
        C-File
        Inmate

| *I acknowledge receipt of the Step Process, Privilege Restrictions and Graduation Requirements: | 'Im copy  _Inmate's Signature_ | 4/29/08  _Date_ |
|---|---|---|

NAME and NUMBER    BLOODSAW                    B-2          B8-209L                CDC-128-B (Rev. 4/74)

On Tuesday, October 17, 2006, at approximately ___ hours, you were involved in a Battery on an Inmate with Inmate MEREDITH (D-84587, B8-107L) ___ the upper tier shower of B8 "A" Section. You have been deemed the victim of the battery ___ staff witnessing the incident. You have subsequently been considered a non-confidential ___ Inmate MEREDITH. This information will be documented on your Non-Confidential CDC Form ___ your Central File.

ORIG: C-FILE
cc  : INMATE
      CCI
      AWC

                                                            K. BELL
                                                            FACILITY PROGRAM LIEUTENANT

DATE   10/18/2006                          CSP              GENERAL CHRONO

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 A (8-87)

**NAME and NUMBER**      BLOODSAW            P-20045         **CELL:**  AF04-223U

On 04/01/04, at approximately 1700 hours, while I was assigned as the AF-4 Control Booth Officer, I was informed by A-Facility Program Sergeant J. Diggle that I needed to empty a cell. Sergeant Diggle gave me a list of compatible inmates. On the list were inmate BLOODSAW, P20045, AF4-223 and inmate HALE, K-55936, AF4-230. At approximately 1750 hours I opened cell AF4-223 and cell AF4-230. BLOODSAW and HALE walked down to the C-Section dayroom. I informed both inmates I needed to make a empty cell. HALE stated, "No way" and walked back to his assigned cell. BLOODSAW stated, "You're trying to set me up" and walked back to his assigned cell. General population inmates at P.B.S.P. are required to comply with P.B.S.P. housing expectations. It is the expectation that compatible inmates housed in general population double cell. Both BLOODSAW and HALE are non-affiliated black inmates.

This disciplinary was originally written by Correctional Officer J. Holz as a CDC 115 for FAILURE TO MEET PROGRAM EXPECTATIONS. Prior to being classified I reduced it to a CDC 128A in the interest of justice. This is in keeping with the progressive disciplinary process.

ORIG    :    C-File
cc       :    AWC File

R. K. Bell
Correctional Lieutenant

**DATE**    04-06-04                                              PBSP                            CUSTODIAL






California State Prison Corcoran

## RADIOLOGY REPORT

NAME: BLOODSAW, Theopric          NUMBER: E-40947          DATE: 12/17/92

DOCTOR: Hoffman                   HOUSING: 4B


SKULL SERIES, C-SPINE.

HISTORY:  Blow to head 1977.  Dizziness daily since.

SKULL SERIES.

I see no fracture, sinuses clear.

IMPRESSION:  Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis.  There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION:  Abnormal C-5/6 interspace.  No other significant findings identified.


Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
        cc: X-Ray Jacket

77  73  100
78

## California State Prison Corcoran
# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric          NUMBER: E-40947          DATE: 10/20/92

DOCTOR: Brown                    HOUSING: 4B

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the _lateral_ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, _Follow up Lateral + open mouth view Rx._

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
    cc: X-Ray Jacket

X-RAY REPORT

4-9-99

## DEPARTMENT OF CORRECTIONS
## CORRECTIONAL TRAINING FACILITY

NAME:                    CDC #:         CELL:        DOB:       DATE:
BLOODSAW, THEOPRIC       P-20045        D4/025U      06/24/58   02/26/99

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.


RADIOGRAPHIC REPORT:

CHEST:  PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.  BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.  THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.  THE HEART IS NORMAL IN SIZE AND CONTOUR.  THERE IS NO
MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.  NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.  THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.


03/02/99              NELSON PARKER, M.D.                        NHP/gj
DATE READ                RADIOLOGIST          DATE TYPED:  04/07/99





# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A4-226  DOB: 06/25/58  DATE: 07/23/04

EXAM REQUESTED:          CERVICAL SPINE

REQUESTING M.D.:          J. LAZORE, F.N.P.

CLINICAL DATA:           HISTORY OF PAIN.

RADIOGRAPHIC REPORT:     CERVICAL SPINE

FINDINGS:                There is mild a reversal of the normal cervical lordosis.

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

**IMPRESSION:**          **MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.**



**ORIGINAL**

07/28/04                 CURTIS COULAM, M.D.                      DLK
DATE READ                RADIOLOGIST                        TRANSCRIBER




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:             CERVICAL SPINE

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              NO HISTORY GIVEN

RADIOGRAPHIC REPORT:        CERVICAL SPINE

FINDINGS:                   Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at C5-6.  There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

IMPRESSION:          1.    REDEMONSTRATION OF DEGENERATIVE DISC
                     DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.
                     2.    THERE IS MILD ANTERIOR SUBLUXATION OF C4
                     WITH RESPECT TO C5 OF APPROXIMATELY 2 MM
                     WHICH WAS NOT SPECIFICALLY PRESENT ON THE
                     FILMS OF 7/23/04.

ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE
INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.

02/22/05                    CURTIS COULAM, M.D.                           BGR
DATE READ                   RADIOLOGIST                          TRANSCRIBER



## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:              3 VIEW LUMBAR SPINE

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               NO HISTORY GIVEN

RADIOGRAPHIC REPORT:         3 VIEW LUMBAR SPINE

FINDINGS:              The lumbar vertebra are normally aligned and the disc spaces are well maintained. No compression fractures are evident. There are no arthritic changes.

**IMPRESSION:**              **NORMAL LUMBAR SPINE.**


EXAM REQUESTED:              LEFT HIP

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               NO HISTORY GIVEN

RADIOGRAPHIC REPORT:         LEFT HIP

FINDINGS:              4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint. These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum. The joint space is well preserved. No significant arthritic changes are evident.

**IMPRESSION:**              **TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP. THE HIP, PER SE IS UNREMARKABLE.**

02/22/05                     CURTIS COULAM, M.D.                           BGR
DATE READ                    RADIOLOGIST                          TRANSCRIBER



NAME: BLOODSAW, THEOPRIC   NO. P20045  RM:  A2-125  DOB: 06/25/58  DATE: 03/14/05

EXAM REQUESTED:              SINUS SERIES

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              HISTORY OF MAXILLARY PAIN

RADIOGRAPHIC REPORT:        SINUS SERIES

FINDINGS:                   The paranasal sinuses are all normally developed and normally aerated.  There is no evidence of acute or chronic sinus disease.

**IMPRESSION:**             **NORMAL SINUS SERIES.**

03/21/05          CURTIS COHLAM, M.D.                    DCB

NAME  Bloodsaw_____ NUMBER__E40947__ AGE_32_ DATE___12/17/90_

X-RAY REQUESTED____Left hip_____ PHYSICIAN__A. C. Pedley, M.D._

REPORT:

    The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

_____
ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME  Bloodsaw                    NUMBER  E40947        AGE  32      DATE  12/17/90

X-RAY REQUESTED      Left hip                           PHYSICIAN   A. C. Pedley, M.D.

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d: 12/18/90
t: 12/18/90

ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME  Bloodsaw                    NUMBER E40947         AGE    31     DATE   2/16/90

X-RAY REQUESTED    Upper GI Series                      PHYSICIAN           F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:    Findings consistent with nonerosive antral gastritis and duodenitis.

No evidence of peptic ulceration involving the upper intestinal
tract.

Robert J. Bemrick, M.D.
Radiologist







```
┌─────────────────────────────────────┐
│           X-RAY REPORT              │
│                                     │
│      DEPARTMENT OF CORRECTIONS      │
│      PELICAN BAY STATE PRISON       │
│        HEALTH CARE SERVICES         │
└─────────────────────────────────────┘
```

NAME: BLOODSAW, THEOPRIC    NO. P20045    RM: A2-202L    DATE: 05/10/07

EXAM REQUESTED:              CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:            PCP CLINIC

CLINICAL DATA:              HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE THREE VIEWS

FINDINGS:                   This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

IMPRESSION:         1.    **FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.**
                    2.    **FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.**
                    3.    **I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.**

05/15/07                    PHILIP GRIMM, M.D.                    DLK
DATE READ                   RADIOLOGIST                    TRANSCRIBER




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-202L  DATE: 09/10/07

EXAM REQUESTED:             AP PELVIS AND BILATERAL HIPS, 2 FILMS/
                           3-VIEWS LUMBAR SPINE

REQUESTING M.D.:           PCP

CLINICAL DATA:             HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:       AP PELVIS AND BILATERAL HIPS, 2 FILMS

FINDINGS:                  This study is compared with a preceding examination from February
2005.

There are scattered areas of shrapnel in the area of the left gluteal region and hip. These are unchanged
from the previous study, although they are reported to have been associated with the right hip at the time
of the previous study. Perhaps one of these two exams has been mislabeled.

There is no soft tissue swelling or calcifications. The SI joints and hip joints appear normal bilaterally.
The bony architecture is intact. There are no sclerotic or lytic changes.

IMPRESSION:                **NO ACUTE BONY TRAUMA OR ARTHRITIC CHANGES
                           ARE RECOGNIZED. SCATTERED PRESUMED SHRAPNEL
                           IS NOTED IN THE VICINITY OF WHAT IS THOUGHT TO
                           BE THE LEFT HIP. OTHERWISE, NEGATIVE.**

Page 1

09/11/07                   PHILIP GRIMM, M.D.                              JLP
DATE READ                  RADIOLOGIST                            TRANSCRIBER

4436 42
137
'10

*Williams Clancy MD*




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 10/18/07

EXAM REQUESTED:              AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT
                            HIP/THREE-VIEWS

REQUESTING M.D.:            PCP

CLINICAL DATA:              HISTORY OF PAIN

RADIOGRAPHIC REPORT:        AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT
                            HIP/THREE-VIEWS

FINDINGS:                   This study is compared with films taken in September 2007.

In the approximately one month interval since the previous study, little if any change is seen. There is
some minimal shrapnel in the immediate vicinity of the left hip, and it is possible that some of the
shrapnel fragments are closely associated with the joint capsule, but none are thought to lie within the
joint capsule. Mild arthritic changes are recognized, but the underlying bony architecture is intact, and no
obvious acute pathology is seen. No obvious acute trauma is recognized. If there is persistent pain,
perhaps a nuclear medicine bone scans or even an MRI study would be helpful.

IMPRESSION:                 **THE FINDINGS ARE SIMILAR TO THAT OF ONE MONTH
                            BEFORE. EVIDENCE OF PREVIOUS GUNSHOT WOUND
                            IN THE IMMEDIATE VICINITY OF THE LEFT HIP IS
                            SEEN, BUT NO ACUTE PATHOLOGY IS APPRECIATED.**

10/30/07                    PHILIP GRIMM, M.D.                              JLP
DATE READ                   RADIOLOGIST                             TRANSCRIBER




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/22/08

EXAM REQUESTED:              FOUR-VIEW CERVICAL SPINE

REQUESTING M.D.:             PCP

CLINICAL DATA:               HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:         FOUR-VIEW CERVICAL SPINE

FINDINGS:                    There is extensive multiple level degenerative change throughout the mid and lower cervical spine. No evidence of instability is seen at C1-2 on the open-mouth view or on the lateral radiograph. However, there is a grade 1 degenerative spondylolisthesis at C4-5. Extensive disk space narrowing, osteophyte formation, and sclerosis of vertebral end plates is present from C3 to C7.

IMPRESSION:                  **MULTIPLE LEVEL DEGENERATIVE CHANGE, CERVICAL SPINE, SEVERE CHRONIC APPEARING WITH GRADE 1 SPONDYLOLISTHESIS C4-5.**

#### ADDENDUM

Incidental note is also made of retained metallic material, which is not visible within the region of the spinal canal, but appears to be in the anterior chest wall region from previous gunshot wound and a few small fragments well anterior to the vertebral bodies at C4-5.

Comparison radiograph from 05/10/07, shows identical appearing degenerative change and same degree of spondylolisthesis at C4-5.

If cervical instability requires further evaluation, flexion/extension lateral radiographs should be considered.

Page 1



| 02/06/08 | GREGORY J. DUNCAN M.D. | JLP |
|---|---|---|
| DATE READ | ORTHOPEDIC SURGEON | TRANSCRIBER |

orig.







# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/22/08

RADIOGRAPHIC REPORT:  THORACOLUMBAR

FINDINGS:  There is normal alignment on the lateral radiograph and essentially normal AP alignment throughout the thoracic spine. Mild multiple level disk space narrowing is present, and the previously described lead fragments are also visible anterior to the thoracic region on the lateral radiograph.

**IMPRESSION:**  **MINIMAL DEGENERATIVE CHANGE THORACIC SPINE WITHOUT EVIDENCE OF THORACIC OR LUMBAR INSTABILITY.**

Page 2



| 02/06/08 | GREGORY J. DUNCAN M.D. | JLP |
|---|---|---|
| DATE READ | ORTHOPEDIC SURGEON | TRANSCRIBER |

orig.


*Williams Claire, M.D.*





## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/16/08

EXAM REQUESTED:  THREE-VIEW LUMBAR SPINE

REQUESTING M.D.:  PCP

CLINICAL DATA:  HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:  THREE-VIEW LUMBAR SPINE

FINDINGS:  There is normal alignment on the AP and lateral radiographs with no degenerative or posttraumatic change.

IMPRESSION:  **MINIMAL DEGENERATIVE CHANGE THORACIC SPINE WITHOUT EVIDENCE OF THORACIC OR LUMBAR INSTABILITY.**

COPY

02/06/08                  GREGORY J. DUNCAN M.D.                              JLP
DATE READ                 ORTHOPEDIC SURGEON             TRANSCRIBER

 

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

A 3-1072

NAME: BLOODSAW, THEOPRIC  NO. P-20045  RM: ~~A2-118~~  DOB: 06/25/58  DATE: 06/23/05

EXAM REQUESTED:               FIVE VIEW CERVICAL SPINE

REQUESTING M.D.:              W. WAHIDULLAH, M.D.

CLINICAL DATA:                HISTORY OF PAIN

RADIOGRAPHIC REPORT:          FIVE VIEW CERVICAL SPINE

FINDINGS:                     Comparison to previous study dated 02/22/2005.

Soft tissues remain normal.

Again noted is approximately 2 ml subluxation of C-4 with respect to C-5.  This is unchanged compared to the previous study.

Degenerative narrowing of the C5-6 and C6-C7 disc spaces are again noted with no demonstrable change.

Again noted is minimal foraminal encroachment at the C5-6 level bilaterally.

**IMPRESSION:**                **DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7
                              WITH MILD SUBLUXATION OF C4 ON C5.  THESE
                              FINDINGS WERE ALL PRESENT ON THE PREVIOUS
                              STUDY AND THERE HAS BEEN NO DEMONSTRATED
                              CHANGE SINCE THAT EXAMINATION.**

CC 7/8/05

| 06/07/05 | CURTIS COULAM, M.D. | BMC |
|----------|---------------------|-----|
| DATE READ | RADIOLOGIST | TRANSCRIBER |

Williams Claire, M.D.

NAME: Bloods NUMBER HOUSING PBSP LAB-001

PELICAN BAY STATE PRISON    HEALTH CARE SERVICES UNIT

NOTIFICATION TO PATIENT OF LABORATORY TEST RESULTS:    TEST DATES:

TYPE OF TEST:    BASIC BLOOD TESTS    HEPATITIS SCREEN    X-RAY    EKG
(circle test type)    OTHER:

YOUR TEST RESULT IS WERE EVALUATED BY A PHYSICIAN AS FOLLOWS:

☐ Your test result is essentially within normal limits. No physician follow up is required.

☐ Your test result remains unchanged and will be reviewed with you at your next Chronic Care Appointment.

☑ Your test result is not within normal limits. You will be scheduled to discuss the results with a physician.

☐ Your test result is not within normal limits. Further studies are required and have been scheduled for you. You will receive further information on this study at a later date.

PHYSICIAN REMARKS:

MINIMUM ACTIVITIES IN BACK NOTE

1. HEALTH RECORD COPY
2. PATIENT COPY
3. PHYSICIAN COPY

_____
Physician & Surgeon

_____
Date & Time

CONFIDENTIAL

NAME: NUMBER HOUSING PBSP LAB-001

Williams Claire, MD

NAME: (illegible)          NUMBER: (illegible)          HOUSING          PBSP LAB 001

PELICAN BAY STATE PRISON          HEALTH CARE SERVICES UNIT

NOTIFICATION TO PATIENT OF LABORATORY TEST RESULTS          TEST DATE:

TYPE OF TEST:          BASIC BLOOD TESTS          HEPATITIS SCREEN          X-RAY          EKG
(circle test type)          OTHER:

YOUR TEST RESULTS WERE EVALUATED BY A PHYSICIAN AS FOLLOWS:

☐ Your test result is essentially within normal limits. No physician follow-up is required.

☐ Your test result remains unchanged and will be reviewed with you at your next Chronic Care Appointment.

☒ Your test result is not within normal limits. You will be scheduled to discuss the results with a physician.

☐ Your test results is not within normal limits. Further studies are required and have been scheduled for you. You will receive further information on this study at a later date.

PHYSICIAN REMARKS

_____

_____

_____

_____

1. HEALTH RECORD COPY                              _____
                                                    Physician & Surgeon
2. PATIENT COPY

3. PHYSICIAN COPY                                   _____
                                                    Date & Time

CONFIDENTIAL

NAME:          NUMBER          HOUSING          PBSP LAB 001

STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
*CHECK ALL APPLICABLE BOXES*

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| BLOOPSAW | P20045 | PBSP | A2 202L | 8/1/07 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| [X] Inmate self-identifies to staff    [ ] Third party evaluation request    [ ] Observation by staff    [ ] Medical documentation or Central File information | [ ] Blind/Vision Impaired    [ ] Speech Impaired    [X] Deaf/Hearing Impaired    [ ] Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. [ ] FULL TIME WHEELCHAIR USER - DPW Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. [ ] INTERMITTENT WHEELCHAIR USER - DPO Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. [ ] MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. [ ] MOBILITY IMPAIRMENT (Lower Extremities) - DNM Walks 100 yards without pause with or without assistive devices. [ ] No Housing Restrictions    [ ] See HOUSING RESTRICTIONS in Section E [ ] Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. [ ] DEAF/HEARING IMPAIRMENT - DPH Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. [X] HEARING IMPAIRMENT - DNH With residual hearing at a functional level with hearing aid(s). |
| 5. [ ] BLIND/VISION IMPAIRMENT - DPV Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. [ ] SPEECH IMPAIRMENT - DPS Does not communicate effectively speaking or in writing. | 6. [ ] SPEECH IMPAIRMENT - DNS Does not communicate effectively speaking, but does when writing. |

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

**CSR ALERT:**
[ ] Requires relatively level terrain and no obstructions in path of travel
[ ] Complex medical needs affecting placement    [ ] CDC 128-C _____

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
[ ] Feeding or Eating    [ ] Bathing    [ ] Grooming    [ ] W/C transferring
[ ] Toileting    [ ] Other: _____    [ ] CDC 128-C(s) dated:_____

**HOUSING RESTRICTIONS:**    [ ] Lower bunk    [ ] No stairs    [ ] No triple bunk. CDC 128-C(s) dated: _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
[ ] Cane    [ ] Crutch    [ ] Walker    [ ] Leg/Arm prosthesis    [ ] Vest
[ ] Other: _____    [ ] CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**
[ ] NONE _____ ; _____
          CODE    DATED    CODE    DATED

**SECTION F: EXCLUSIONS**

[ ] VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).
[ ] REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.)
[ ] REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

[ ] Uses Sign Language Interpreter (SLI)    [ ] Reads Braille    [ ] Communicates with written notes    [ ] Requires large print or magnifier
[ ] Reads lips    [X] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

Has good fuction & hearing aids - does not need vest

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | MC Sayr | 8/1/07 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
| M.C. SAYRE | MC Sayr | 8/1/07 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

# MOTION 1538.5.

### Penal Code

P.C. 1538.5. Motion to return property or suppress evidence.

(A) (1) A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure or either of the following grounds

(i) The warrant is insufficient on its face

(iv) The method of execution of the warrant violated federal and state constitutional standards

(H) If prior to the trial of a felony or misdemeanor opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion the defendant shall have the right to make this motion during the course of trial

7

P.C.
995.

## Grounds; Motion to set aside; delay in final ruling

(a) Subject to subdivision (b) of Section 995a, the indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases

(1) If it is an indictment:

(A) Where it is not found, endorsed, and presented as prescribed in this code.

(B) That the defendant has been indicted without reasonable or probable cause.

(2) If it is an information:

(A) That before the filing thereof the defendant had not been legally committed by a magistrate.

(B) That the defendant had been committed without reasonable or probable cause.

(b) In cases in which the procedures set out in subdivision (b) of Section 995a is utilized, the court shall reserve a final ruling on the motion until those procedures have been completed.

40  82  119
91  84
77

# ADA APPEAL TRACKING SHEET

INMATE NAME _Bloodsaw_ CDC # _P20045_ APPEAL # _A05-01931_

Appeal Received                                    Date: _5/11/05_

Verification Attached                              ☒YES      ☐ NO

Medical Chart Reviewed                             Date:_____

Verification Obtained by Review                    ☐ YES     ☐ NO

Appeal Forwarded for Review                        Date:_____

Request for Verification                           Date:_____

Verification Confirmed                             ☐ YES     ☐ NO
                                                   Date Received:_____

Appeal Forwarded for Review                        Date:_____

Unable to Verify/Consult Necessary                 ☐ YES     ☐ NO

Appeal Suspended                                   Date:_____

Appointment with Outside Consult Scheduled         Date:_____

Outside Consult Completed/Report Received          Date:_____

Appeal Forwarded for Review After Suspension       Date:_____

91.105

# URGENT
# ADA

## Request
## for
## Medical Review

## Verification
## of
## Disability

Inmate ___BLOODSAW___ CDC# ___P20045___, has filed a CDC 1824 requesting accommodation under ADA. His medical file has been reviewed and has no verification of the disability he is claiming. For proper processing, a CDC 1845 and a CDC 128-C listing limitation must be generated and returned to the Appeals Office prior to ___5/24/05___.

APPEAL # ___A05-01931___

Please put on
Dr. Line to
have ADA
issues discussed.
Thank You
Candy Ward
X7224
Med Appeals

Return to Med. Appeals

97  84.121

98  79

**ADA 1824 RESPONSE SHEET**

Inmate's issue: Vertebral abnormal C-5/6 + C6-7, severe pain in left hip, spasms, lower back pain, dizziness

Inmate interviewed on: 5/19/05   By: W. Wahidullah MD
                       Date              Interviewer

Inmate stated during the interview: pt wants total disability due to his back and neck pain, & occasinal spasm.

Inmate's request for accommodation is: Totally disable under ADA- per diagnosis of physician.

The reason for the determination is: , Refer to Physical therapy for evaluation for disability, as it could not be determined, based on pt sitting comfortable during exam, Not in any distress and able to walk, No weakness or numbness in Arm, hand or legs, No report or radiate of pain to the base of thigh or [illegible].

If a determination cannot be made without an outside consult, please attach the order for MAR review of outside consult.

# ADA APPEAL TRACKING SHEET

INMATE NAME _Bloodsaw_ CDC # _P20045_ APPEAL # _____

Appeal Received                                         Date: _5/11/05_

Verification Attached                          ☒ YES        ☐ NO

Medical Chart Reviewed                         Date: _____

Verification Obtained by Review                ☐ YES        ☐ NO

Appeal Forwarded for Review                    Date: _____

Request for Verification                       Date: _____

Verification Confirmed                         ☐ YES        ☐ NO

                                               Date Received: _____

Appeal Forwarded for Review                    Date: _____

Unable to Verify/Consult Necessary             ☐ YES        ☐ NO

Appeal Suspended                               Date: _____

Appointment with Outside Consult Scheduled     Date: _____

Outside Consult Completed/Report Received      Date: _____

Appeal Forwarded for Review After Suspension   Date: _____

Offender Details - Microsoft Internet Explorer

File Edit View Favorites Tools Help

Back Search Favorites Go Links

Address http://decinternal/dppv.aspx

DEC Version 2.2

# Disability & Effective Communication System

Summary | Generate Reports | View ADA/EC History | Log Off

CDC #: P20045 Search

CDC Number: P20045, BLOODSAW, THEOPRIC KENT

**Offender/Placement**

| | |
|---|---|
| CDC #: | P20045 |
| Name: | BLOODSAW, THEOPRIC KENT |
| Institution: | Pelican Bay State Prison |
| Bed Code: | CF101 000000111L B8 113L |
| Placement Score: | 133 |
| Custody Level: | Maximum |
| Placement Factor: | SHU |
| Housing Restrictions: | |

**Disability/Assistance**

| | |
|---|---|
| DDP Code: | NCF |
| DPP Codes: | DNH |
| MHSDS Code: | GP |
| SLI: | No |
| Learning Disability: | |
| Healthcare Appliances: | Hearing Aid, Hearing Vest |
| Last Accomm: | |
| Spoken Languages: | |

**Important Dates**

| | |
|---|---|
| Pending Revocation: | No |
| Revocation Date: | |
| Date Received in CDCR: | 11/24/1998 |
| Last Return Date: | 06/11/2003 |
| Extended Stay Date: | 08/10/2003 |
| Extended Stay Privileges? | |
| Release Date: | 12/01/2021 |
| 120 Day Date: | 08/03/2021 |
| Next IDST Date: | |

**Accommodation History**

No Accommodation Records Found.

BLOODSAW, T
P-20045
February 24, 2004
PELICAN BAY STATE PRISON

**NOTES:**

# MOTION-P.C.1004.

## P.C.1004. Demurrer; grounds

The defendant may demur to the accusatory plea-
ding at any time prior to the entry of a plea,
when it appears upon the face thereof either;
1. If an indictment that the grand jury by which
it was found had no legal authority to inquire
into the offense charged or, if an information or
complaint that the court has no jurisdiction of the
offense charged therein;
2. That it does not substantially conform to the
provisions of Sections 950 and 952 and also Section
951 in case of an indictment or information;
3. That more than one offense is charged except
as provided in Section 954;
4. That the facts stated do not constitute a
public offense;
5. That it contains matter which, if true would
constitute a legal justification or excuse of
the offense charge, or other legal bar to the
prosecution.

# MOTION

## Motion To Dismiss For Lack OF Jurisdiction Over Subject Matter

# MOTION

# Motion To Correct Records

# MOTION

Motion For Summary Judgment

# MOTION

## Motion To Dismiss For Insufficiency

## Evidence

# MOTION

Pitchess Motion

# MOTION

# Motion For Default Judgment

# MOTION

## Motion For Permanent Injunction





# LIBRERERIA GENERAL PETICION PARA LIBROS
### Pelican Bay State Prison

PARA USO ADMINISTRATIVO NOMAS
Trust W/D on file? ☐ YES ☐ NO

NOMBRE (Letra de Molde): _____    CDC NU.: _____    VIVIENDA: _____

D.R. 3121(b) & (c):  Libros o otros materiales sacados de la libreria no deben de ser prestados a otros prisioneros y deben de ser regresados a la libreria como es requrido.  Prisioneros que han sacado materiales de la libreria y los pierden, danan o roban seran subjecto a accion disciplinaria y tambien se les puede cobrar el precio para reparar o reemplazar los materiales y puede ser negado o tener restricciones puestas en su previlegio de la libreria.

Una forma de fondos de su cuenta (CDC193) tiene que estar en su archivo. Libros y catalogos de la libreria estan disponibles en la unidad de vivienda. Libros son prestados por un periodo de dos semanas; Sin embargo, libros pueden ser regresados y volverse a renovar semanalmente, si el programa es permitible. Populacion General: Pueden renovar los libros antes del vencimiento de fecha. (Requiere aprobacion administrativo de la libreria); Libros pueden ser renovados submitiendo una forma para libros de la libreria general indicando numero, titulo, y el autor del libro.  Libros de literatura no novelesca requiere indicar tambien numero del libro llamado, titulo, y autor.  Prisioneros que estan esperando transferir, salir libre, o exoneracion son responsables de regresar todos libros.  Libros de una facilidad pueden ser regresados a la libreria de otra facilidad entre de PBSP.

| NUMERO (Libros de literatura no novelesca) | TITULO | AUTOR | VENCIMIENTO DE FECHA (Administrativo de Libreria) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

☐ Yo acceptare un titulo substituto      ☐ Yo acceptare un libro en Espanol

**LIBROS SUBSTITUTOS (Administrativo de la Libreria)**

| 1. | | | |
|---|---|---|---|
| 2. | | | |
| 3. | | | |
| 4. | | | |

Yo eh leido y entiendo la informacion declarada-arriba.  Requisitos sin firma no seran processados.

REGUERIDOS POR (Firma): _____    FECHA: _____

YO EH RECIVIDO ACCEPTADO EL LIBROS(S) EN BUENA CONDICION.  SI el libro danado cuando usted lo recive.  Usted tiene que devolverlo al oficial quien ara una notacion del dano y regresarlo ala libreria.

FIRMA DEL PRISIONERO: _____    FECHA: _____

☐ **Esta forma esta siendo regresada por las razone(s) siguientes** _____

****Al recibir los libros: En la forma arriba firmela y ponga la fecha; Recorte y quedese con el recibo de abajo; Dele la parte de la forma al Oficial****

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### RECIBO DEREGRESO DE LIBROS ALA LIBRERIA (Inmate's Receipt)
## QUEDECE CON ESTE RECIBO CUANDO USTED REGRESE LOS LIBROS

NOMBRE: _____    CDC NU.: _____    VIVIENDA: _____

**Yo eh regresado el siguiente libro(s).**

| NUMERO (Libros de literatura no novelesca) | TITULO | FECHA REGRESADOS |
|---|---|---|
| | | |
| | | |
| | | |

*NOTE TO C/O: VOID BLANK(S) ABOVE FOR UNRETURNED BOOKS.  THANK YOU*

Library Req Frm - Spanish
12/5/00

C/O SIGNATURE: _____    PRINT NAME: _____    DATE: _____

NAME: *Bloodsaw Theopric*

CDC NO.: P20045 HOUSING: B8-113

PELICAN BAY STATE PRISON
BOX 7500

# LEGAL MAIL

RECEIVED

AUG 27 2008

*pase*

*United States District Court*
*ATTN: Clerk*
*450 Golden Gate Ave.*
*P.O. Box 36060*
*San Francisco, CA 94102*



PELICAN BAY STATE PRISON
5900 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE
$ 05.05⁰
02 1M
0004 421 7866
AUG 25 2008
MAILED FROM ZIP CODE 95531

8-22-08