NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOODSAW K. THEOPRIC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C.M.O. M.D. BARON, et al.,<br><br>　　　　Defendants. | No. C 08-04121 JF (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a California inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He has not paid the filing fee and has applied for leave to proceed in forma pauperis. (Docket No. 2.) On October 2, 2008, the Court ordered Plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g) within thirty days of the order. Plaintiff has neither filed a response nor paid the full filing fee in the time provided. Accordingly, this action will be dismissed pursuant to § 1915(g).

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

1  prior occasions, while incarcerated or detained in any facility, brought an action or
2  appeal in a court of the United States that was dismissed on the grounds that it is
3  frivolous, malicious, or fails to state a claim upon which relief may be granted,
4  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
5  § 1915(g). Section 1915(g) requires that this Court consider prisoner actions
6  dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers,
7  128 F.3d 1310, 1311-12 (9th Cir. 1997). And as the text of § 1915(g) makes clear,
8  the court may count as strikes dismissals of district court cases as well as dismissals
9  of appeals. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner
10  does not get three frivolous claims and three frivolous appeals before being barred
11  by § 1915(g)).
12      Here, Plaintiff has had three or more prisoner actions/appeals dismissed by a
13  federal court on the grounds that they are frivolous, malicious, or fail to state a claim
14  upon which relief may be granted: (1) Bloodsaw v. Clarke, CV 04-03462 (C.D. Cal.
15  May 20, 2004) (dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); (2)
16  Bloodsaw v. Thomas, CV 04-02944 (C.D. Cal. May 6, 2004) (same); (3) Bloodsaw
17  v. Herm, CV 04-02320 (C.D. Cal. Apr. 19, 2004) (same); (4) Bloodsaw v.
18  Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16, 2004) (same); (5) Bloodsaw v.
19  Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004) (dismissal based upon
20  immunity of defendants and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994));
21  and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar. 16, 2004) (same).
22  Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a
23  danger of serious physical injury which is "imminent" at the time of filing. See
24  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v.
25  Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715,
26  717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). Plaintiff is
27  not.
28  ///

Because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis (Docket No. 2) is DENIED and the instant action is DISMISSED without prejudice to bringing it in a paid complaint.

IT IS SO ORDERED.

DATED: 11/18/08

JEREMY FOGEL
United States District Judge